WALTER H. SANBORN and another *vs.* ROBERT MUELLER and Wife.

December 19, 1887.

**Action to Test Validity of Tax Sale—Occupation of Land.**—An action brought under Laws 1887, c. 127, to test the validity of an adverse claim under a tax deed or certificate, may be maintained by the land-owner, without alleging or proving, either that the land is vacant or in the possession of himself or another.

**Deed—Description—Reference to Plat.**—Where, in the description in a deed, reference is made to a plat, it may be used to identify the lands referred to, though it does not conform to the statute, and is not duly certified.

Tax Title—Redemption.—Title will not be presumed to have been acquired under a tax certificate, issued upon the tax judgment and sale for 1879, until notice of the expiration of the time of redemption has been served.

Same—Sale of Several Lots as One Tract.—A tax certificate issued under the sale made in pursuance of Laws 1881, c. 135, which shows on its face that several separate and distinct lots are sold together in gross for one price, is void; but where several village lots are contiguous, so that they may be used and assessed together as one tract, it will not be presumed from the certificate that such sale thereof was irregularly made in violation of the statute.

Tax Certificate—Presumption as to Date of Sale.—A tax certificate, issued under the same statute, which purports to have been made in pursuance of "a real-estate tax judgment entered August 15, 1881," on "the thirty-first day of December," (year not stated,) was dated December 31, 1881. It will be presumed that the sale was made December 31, 1881, and, in the absence of any evidence or finding on the subject, it will not be held, as matter of law, that the special sale under that statute must necessarily have been completed prior to the date mentioned.

Action to Test Validity of Tax Sale—Allowance for Defendants' Improvements.—The plaintiffs do not seek to recover possession, but to have the validity of the tax titles under which defendants claim determined. *Held*, that it was not error for the court to refuse to assess or allow in this action the value of defendants' improvements upon the lands in question.

The plaintiff brought this action in the district court for Dakota county, to determine the claim of the defendant, under certain tax certificates, to certain land of which plaintiffs claim to be owners. The defendants in their answer claim title under four tax certificates, which are referred to in the opinion as Exhibits A, B, C, and D. The action was tried by *Crosby*, J., who ordered judgment for plaintiffs. Defendants appeal from the judgment and also from an order refusing a new trial. Upon the trial the plat of Jackson & Bidwell's Addition to West St. Paul was offered by the plaintiffs in proving their title, and was received against the defendants' objection that the same was incompetent, not having been certified to by the surveyor making the same as required by law.

Exhibit C was in the following form:

"I, A. J. W. Thompson, auditor of the county of Dakota, do hereby certify that at the sale of forfeited lands, pursuant to real-estate tax judgment entered in the district court of the county of Dakota on the 15th day of August, 1881, in proceedings to enforce payment of taxes upon real estate delinquent for the year 1879 and for prior years for the county of Dakota, which sale was held at Hastings in said county of Dakota on the 31st day of December, the following described piece or parcel of land situate in said county of Dakota, state of Minnesota, to wit, lots 1 to 4 and 6 to 10 block 21 Jackson & Bidwell's Addition to West St. Paul was offered for sale to the highest bidder, and at said sale I did sell  *  *  *.

"Witness my hand and official seal this 31st day of December, 1881.
"A. J. W. THOMPSON, County Auditor."

*E. St. Julien Cox* and *W. H. Adams,* for appellants.
*John B. & W. H. Sanborn,* for respondents.

VANDERBURGH, J.[1]  The plaintiffs allege that they are the owners in fee of lots 1, 2, 4, 7, 9, and 10, in block 21, and lots 1 and 2, in block 31,—all in Jackson & Bidwell's addition to West St. Paul,—according to the plat thereof on file and of record in the office of register of deeds, Dakota county, and allege that the defendants claim some right or interest in the property adverse to them under certain alleged tax certificates, which they allege to be invalid, and ask the court to adjudge accordingly, and to quiet their title.

1. The action is brought in this form under Laws 1887, *c.* 127. It was unnecessary for the plaintiffs to prove anything more than the foregoing allegations. It is not fatal to their right to recover that they failed to prove, or that the court has not found, the further allegations that the lands were unoccupied and vacant; nor is it material to inquire whether the action could have been maintained in this form or for the same relief independently of the statute referred to. The action is well brought, whatever be the character of the possession,—whether actual, constructive, or adverse,—and, since the evidence does not appear to have been all returned, the judgment must be affirmed unless the conclusions of law are not supported by the

[1] Gilfillan, C. J., was absent, and took no part in the decision of this case.

findings of fact, or unless there are substantial errors in the admission of evidence, duly excepted to.

2. The objection to the plat of Jackson & Bidwell's addition cannot be considered, since the plat is not made part of the record, and is not before us. It will be observed, however, that the defendants also claim by the same description under the same plat, and the lots are so described in the tax certificates referred to. And it does not follow, because the plat does not conform to the statute, or is not duly certified or recorded, that the lands therein described may not be identified. *Ames* v. *Lowry,* 30 Minn. 283, (15 N. W. Rep. 247;) *Reed* v. *Lammel,* 28 Minn. 306, (9 N. W. Rep. 858.)

3. The court finds that the time for the redemption under the tax certificates, Exhibit A and Exhibit B, offered in evidence has not expired; that they were issued upon the sale for taxes in 1879, and that no notice of the expiration of the period of redemption has been served, and no evidence of such notice has been returned here. Presumptively, therefore, defendants have not yet acquired title thereunder.

4. In respect to Exhibit D, this certificate, as returned to this court, does not purport to include the lots in controversy; but, assuming that they are left out by mistake in the copy, and that the description is as claimed by defendant, the certificate is void on its face, under the decision of this court in *Farnham* v. *Jones,* 32 Minn. 7, (19 N. W. Rep. 83.) Several separate and distinct parcels appear to have been sold together as one lot, and for one price, bid for the whole in gross, in violation of the statute of 1881, *c.* 135, under which the sale purports to have been made.

5. It is also assigned as error that the court refused to allow and direct judgment in favor of the defendants for the value of their improvements under the occupying-claimant statute, (Gen. St. 1878, *c.* 75, § 15;) but as the object of this action is simply to determine the validity of the tax titles in question, and the possession is not asked or adjudged, defendants' rights in the premises are not affected, and they are not prejudiced. No writ could be issued upon the judgment for the recovery of the possession; and in any subsequent action for the possession, their claim for their improvements must be adjudged

and determined before execution for the possession will be allowed to issue.

6. The court found that tax certificate, Exhibit C, is void on its face, on the ground that it contains no date of sale. It is dated and found to have been issued on the 31st day of December, 1881, and purports on its face to have been issued upon a sale made "on the 31st day of December," and pursuant to a real-estate tax judgment entered August 15, 1881, in proceedings to enforce payment of taxes delinquent in 1879, and prior years. The sale and certificate purport to be had and issued under Laws 1881, c. 135. The date of the judgment and date of the certificate, between which dates the sale must have been made, sufficiently indicate that the date intended was December 31, 1881. It was not void for this cause. Until the contrary appears, every presumption will be indulged in favor of the regularity of the proceedings, if the certificate conforms to the statute. Several lots in this instance also appear to have been sold together, but the description indicates that they are or may be contiguous, and it is not found that they may not have been properly assessed together, or did not in fact constitute one parcel. We cannot determine, therefore, as a matter of law, that the certificate is invalid for this cause.

It is also urged by respondents that the public sale provided for by the statute must necessarily have been ended prior to the date indicated, and that the certificate is void for this reason. The day of sale of particular tracts, as recited in a certificate, might be so remote as to rebut the presumption of regularity; but we are hardly prepared to say, in the absence of any finding on the subject, that the special sale of delinquent lands for that county had necessarily terminated before the day mentioned. We apprehend it might easily be shown if such were the case. This certificate is not, we think, void on its face, and there must therefore be a new trial.

Judgment reversed, and new trial granted.