HARRY F. TOWLE v. ST. PAUL PERMANENT LOAN COMPANY
and Others.[1]

June 28, 1901.

Nos. 12,657—(164).

**Notice of Tax Sale.**

In an action to determine adverse claims to real property situated in Ramsey county, in which the title of the plaintiff depended upon proceedings to enforce the collection of taxes for the year 1895, it is held that the notice of tax sale, published in the year 1897, sufficiently specified the year in which the tax judgment was entered and the year in which the sale was to be made; and also, taking into consideration the body of the notice, it was properly and officially signed by the auditor when he attached to his name the words, "County Auditor."

**Notice of Expiration of Time to Redeem.**

Also *held*, that the notice of the expiration of the period of redemption, served upon the proper party, sufficiently stated the amount required to be paid in order to redeem.

Action in the district court for Ramsey county to determine adverse claims to vacant and unoccupied real estate. Plaintiff asserted title under a sale for delinquent taxes for 1895 made pursuant to the tax judgment entered in said court on April 15, 1897. The notices of expiration of the time for redemption from the tax sale, referred to in the opinion, were in the following form:

"No. 4763.                    COUNTY AUDITOR'S OFFICE,
                             Ramsey County, Minnesota.
To Henry D. Lang:
You are hereby notified that on the 5th day of May, A. D. 1897, in proceedings to enforce the payment of delinquent taxes pursuant to that certain real estate tax judgment, which was entered in the district court, in and for the county of Ramsey, in the Second judicial district of the state of Minnesota, on the 15th day of April, A. D. 1897, the following-described piece or parcel of land which is situated in Ramsey county, in the state of Minnesota, to-wit: Lot seventeen (17) Munger's Subdivision of Block

[1] Reported in 86 N. W. 781.

33, Arlington Hills Addition to the City of St. Paul, was sold to satisfy the amount for which it was adjudged liable in said judgment, interest and costs, for the sum of Nine and 38-100 Dollars; that the amount required to redeem said piece or parcel of land from such sale (exclusive of the costs to accrue upon this notice) is Twelve and 01-100 Dollars, which is the amount for which such piece or parcel of land was sold upon assignment from state on the 11th day of September, 1899, and interest on said last-named amount at the rate of twelve per cent. per annum from said 11th day of September, A. D. 1899, until said redemption is made; and that the time for redemption of such piece or parcel of land will expire sixty days after the service of this notice and the due filing of proof thereof in the office of the county auditor of said Ramsey county, Minnesota.

Witness my hand and official seal this 9th day of July, A. D. 1900.

(Seal)                                   W. R. JOHNSON,
               County Auditor of Ramsey County, Minn.
                              By H. G. GRISWOLD.
                                              Deputy."

The case was tried before Bunn, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant St. Paul Permanent Loan Company appealed. Affirmed.

*Walter L. Chapin*, for appellant.

*John B. & E. P. Sanborn*, for respondent.

COLLINS, J.

This was an action to determine adverse claims to real property situated in the city of St. Paul, the plaintiff asserting title in fee under a tax sale held in May, 1897, for the taxes of the year 1895. The court below found in favor of the plaintiff, and from an order denying its motion for a new trial defendant appeals.

1. It is contended on the part of the latter that the published notice of the tax sale for the taxes of 1895, delinquent in 1897, was insufficient and void. Two publications were made in a designated newspaper, one on April 16, and the other on April 23, 1897. It is insisted that this notice was defective and valueless in three particulars: (a) That it did not specify the year of the tax judgment; (b) that it did not state the year in which the sale was to be made; (c) that the auditor did not properly attach his official title when signing the notice.

The form prescribed by statute for notices of this kind is found in G. S. 1894, § 1591, and all notices must be, substantially, in the form there set out at length. A substantial compliance is required, and nothing more. The notice in question read as follows:

"TAX JUDGMENT SALE.

"Pursuant to a real-estate tax judgment of the district court in the county of Ramsey, state of Minnesota, entered on the 15th day of April, in proceedings for enforcing payment of taxes and penalties upon real estate in the county of Ramsey remaining delinquent on the first Monday in January, 1897, and of the statutes in such case made and provided, I shall, on the 3rd day of May, at ten o'clock in the forenoon, at my office in the court house in the city of St. Paul and county of Ramsey, sell the lands which are charged with taxes, penalties, and costs in said judgment, and on which taxes shall not have been previously paid.

"D. M. SULLIVAN,
"County Auditor.

"Dated at the city of St. Paul, this 15th day of April, A. D. 1897."

It will be noticed that the year in which the judgment was entered was not expressly stated, nor was the year in which the sale was to be made. It will also be noticed that the auditor signed as "County Auditor," and not as "Auditor of Ramsey County," as set forth in the form. These alleged defects we shall briefly consider.

All persons are presumed to know the law, and therefore to know the provisions of the statute in reference to the collection of taxes delinquent upon real estate by the entry of a judgment against each delinquent piece or parcel for the amount due, with interest, costs, and penalties; this judgment to be followed by a public sale by the auditor of the county in which the real property involved is situated. Now, it explicitly appeared from this notice that this sale was of real estate situated in the county of Ramsey, upon which taxes remained unpaid and delinquent on the first Monday in January, 1897. And from the statute (section 1584) it also appeared, conclusively, that a judgment for taxes could not be entered prior to March 20, following the delinquency, —that is, in 1897; and, further, that under section 1585 it became the duty of the clerk of the district court to proceed, on the next day (March 21, 1897), to enter judgment against each and every

delinquent parcel of land in the county as to which no answer had been filed, and that such entry must be in the year 1897. It could not be in any other year. This notice, when read and considered in connection with the plain provisions of the statute, informed all persons that the judgment entered on April 15, was on that day in the year 1897. No one could possibly suppose that any other year was intended.

The same reasoning is applicable when we consider the sufficiency of the notice as to the day of sale. Under section 1591, it is the duty of the auditor to make a sale on the first Monday in the month of May of all lands upon which taxes have become delinquent on the first Monday in the prior month of January. The sale for such taxes as became delinquent in January, 1897, could not be on any other day than on May 3, 1897, unless the auditor disregarded the statutory requirements, and it is not to be presumed that he did or would. The sufficiency of the notice as to the year in which the judgment was entered and the year of the sale was determined and made clear when it was stated therein that the sale was for taxes remaining delinquent on the first Monday in January, 1897, and in coming to this conclusion we have not found it necessary to call attention to the fact that while the statutory form contemplates, and really requires, that the year in which the taxes became delinquent be inserted in the notice, there is a significant omission in this respect as to the year of the entry of the judgment and of the year of the sale. As bearing upon our conclusion that the notice was sufficient, see Sanborn v. Mueller, 38 Minn. 27, 35 N. W. 666.

We also think it appears from the body of the notice, and the auditor's signature thereto attached, that he clearly and unmistakably described himself as the auditor of Ramsey county when he signed as "County Auditor." Any person reading the notice and the signature would understand that the auditor of Ramsey county was giving the notice; hence there was a substantial compliance with the statute in this respect.

2. It is claimed that the notices of redemption were defective because it could not be told by an inspection whether the amount required to redeem each parcel was $12.01, or $12.01 with interest

from September 11, 1899, until the day of redemption. We think the amount was stated as definitely as possible. The language used meant that $12.01, with interest thereon from September 11, 1899, until the day upon which redemption should be made, was the amount to be paid. This, it seems to us, is self-evident.

Order affirmed.