HARLEY E. NEWLIN v. S. A. HOYT and Others.[1]

February 5, 1904.

Nos. 13,640—(162).

**Exchange of Property—Statute of Frauds.**

Plaintiff and defendant Charles Uplinger entered into a written contract for the exchange of certain real property owned by each, which contract contained a provision to the effect that Uplinger should have the right to examine plaintiff's property, and, if satisfied therewith, to "accept the contract" and perform its provisions, and that if he did not approve the property upon inspection, and accept the contract, it should be void. It is *held* that the contract was but an offer to exchange the properties, and, to give it force and validity, a written acceptance was necessary, under the statute of frauds.

**Authority of Agent.**

An acceptance of the property and contract by an agent who had no written authority so to act was ineffectual. The authority of an agent to enter into a contract for the conveyance of real property must be in writing.

Action in the district court for Martin county to enforce specific performance by defendants of a contract for the sale and exchange of land. The case was tried before Quinn, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Reversed.

*C. M. O'Neill, Albert R. Allen,* and *De Forrest Ward,* for appellants.
*W. S. Hammond,* for respondent.

BROWN, J.

Action for specific performance, in which plaintiff had judgment, and defendants appealed from an order denying a new trial. The facts, briefly stated, are as follows: Plaintiff was the owner of certain real property in Cissna Park, in the state of Illinois, and defendant Charles Uplinger was the owner of certain real property situated in Martin county, this state. On November 9, 1901, the parties entered into a contract for the exchange of such properties; the plaintiff

[1]Reported 98 N. W. 323.

to convey to defendant his Cissna Park property, and defendant Uplinger to convey to plaintiff his Martin county property, upon the terms and conditions specified in the written contract. The contract was in writing, and contained the following provision:

> "The said Charles Uplinger reserves the right to examine said property in Cissna Park, Illinois, and if the same is satisfactory upon examination, to accept this contract, and execute his conveyances for said land under the terms of this contract. * * * If the same be not approved, upon examination, this contract shall be void in all its terms."

Subsequent to making and signing the contract, Uplinger visited Cissna Park and examined plaintiff's property, as the terms of the contract just quoted provide, but he never thereafter personally signified his intention to carry out the contract, approve or ratify it; and, unless there was a ratification or acceptance by his agent, as contended by plaintiff, it is clear that plaintiff must fail in the action. It is claimed that there was an acceptance by defendant's agent.

The trial court found that defendant Charles Uplinger and one S. A. Hoyt were copartners engaged in the real estate business, buying and selling real property on commission, and that the property in question, owned by Charles Uplinger, was listed with this firm for sale. One C. W. Uplinger was the clerk or agent of the copartnership, having full charge and management of its affairs. Some time after defendant Charles Uplinger visited plaintiff's property and examined it, C. W. Uplinger, in the name of Hoyt & Co., wrote to plaintiff, formally accepting the property, and ratifying and confirming the contract of exchange. It is this acceptance upon which plaintiff relies as giving force and validity to the contract, and the question presented is whether that acceptance was authorized or of any force. The trial court also found that the firm of Hoyt & Co. had an equitable interest in the property offered to be exchanged by Charles Uplinger, but we find no evidence in the record which supports this finding. But whether sustained or not, it can make no material difference. The contract was in fact made by Charles Uplinger on his own behalf, and as the owner of the property, and not for the firm of Hoyt & Co., and there is no evidence that the title of the property was in the firm. But

this is not important, for, under the statute of frauds, as we read it, the contract for the exchange of the properties was invalid, because it was never accepted by Charles Uplinger, or any one authorized to act for him, in the manner prescribed by the statutes.

The contract was a conditional offer of exchange, not to become operative or binding upon Uplinger until he had examined and accepted the property proposed to be transferred to him. The writing amounted to a mere proposal or offer, and was not sufficient to satisfy the requirements of the statute of frauds, until acceptance. It is said in Warvelle, Vendors, § 127, that an oral acceptance of a mere proposal or offer in writing to convey real property will not satisfy the requirements of the statute of frauds, which require the contract to be in writing, and that, to create a valid obligation, it is necessary that the acceptance itself be in writing and unqualified, so that it shall appear that there has been a full accession on both sides to one and the same set of terms. Of course, the acceptance necessary to make a conditional contract absolute and binding upon the parties may be given by an agent, but under our statutes the authority of the agent must be in writing. Section 4213, G. S. 1894, provides that no estate or interest in lands, other than leases for a term not exceeding one year, shall be created, granted, or assigned, unless by act or operation of law, or by deed of conveyance in writing, subscribed by the parties creating or granting the estate, "or by their lawful agent thereunto authorized by writing." Section 4215 provides that every contract for the sale of lands, or any interest in lands, shall be void unless the same is in writing, subscribed by the parties by whom the sale is to be made, "or by his lawful agent thereunto authorized in writing."

The person acting as the agent of the vendor must not only contract for the sale of lands in writing, but his authority so to contract must also be in writing. If there was any acceptance of the contract under consideration in the case at bar, it was by the written acceptance of C. W. Uplinger, the agent of the firm of Hoyt & Co. The evidence is not sufficient to show an acceptance by Charles Uplinger, orally or otherwise, and the case presents no element which would estop him from questioning the validity of the contract. The provision of the statute above quoted, requiring the authority of the agent to be in writing, is as much a part of the statute of frauds as the requirement

that the contract for sale be in writing, and must receive the same strict interpretation. Warvelle, Vendors, § 206. There is no claim in this case that C. W. Uplinger, the clerk in charge of the business of the firm of Hoyt & Co., had any written authority to accept the contract for defendant Charles Uplinger, and the conclusion is unavoidable that the statutes were not complied with. No valid contract was, therefore, ever made between the parties for the transfer of the land in question, and plaintiff cannot recover.

The case would be precisely the same if it were to be considered from the standpoint that Hoyt & Co. had an equitable interest in the land, and that the contract signed by Charles Uplinger was made on behalf of the firm, for even in that case the written authority of C. W. Uplinger to accept the contract would be lacking. His authority to act for that firm is not shown to have been in writing. So that, in either case, whether the property be treated as that of Charles Uplinger or that of the firm, there was no written authority in C. W. Uplinger to approve the contract and give it life and validity. Haupt Lumber Co. v. Westman, 49 Minn. 397, 52 N. W. 33; Judd v. Arnold, 31 Minn. 430, 18 N. W. 151. No doubt the act of C. W. Uplinger was the act of the firm, and would, under ordinary circumstances, bind the firm. He was agent of the firm, but to give his act validity in this case, without written authority, would require us to ignore the provisions of the statute referred to, and in effect repeal it.

The order denying a new trial is therefore reversed.