W. J. POWER v. IMMIGRATION LAND COMPANY.[1]

November 4, 1904.

Nos. 14,002—(32).

**Vendor and Purchaser—Authority of Agent.**

A contract made by the agent of the owner for the sale of land is invalid under sections 4213 and 4215, G. S. 1894, unless the authority of the agent be in writing.

Appeal by plaintiff from a judgment of the district court for St. Louis county, entered pursuant to the findings and order of Dibell, J. Affirmed.

*Wm. B. Phelps,* for appellant.
*Lindbergh & Blanchard,* for respondent.

BROWN, J.

Action for specific performance of a contract for the sale of land, in which defendant had judgment and plaintiff appealed.

The facts are as follows: Defendant, the Immigration Land Company, a corporation created under the laws of the state of Minnesota, and doing business at Little Falls, was the owner of the land in question. The Pine Tree Lumber Company is a corporation created and existing under the laws of the state of Iowa, but doing business at Little Falls, this state. Some of the officers and stockholders of that corporation are also stockholders in the Immigration Land Company,

[1] Reported in 101 N. W. 161.

and have offices in the same building, and the corporations are in some respects interested in business together. On August 25, 1902, plaintiff, who resides at Hibbing, Minnesota, wrote and sent to the Pine Tree Lumber Company a letter concerning the land in question, in which he stated that if the same was still in the market he would like to purchase it on the terms therein stated; and that if the terms were satisfactory to the lumber company, requesting them to send a contract for the sale of the same to the Miners' Bank at Hibbing for plaintiff to execute. The Pine Tree Lumber Company was not the owner of the land, nor had it any interest therein. This letter was answered by one Hinkle, a clerk in the office of that corporation, for and on behalf of the Immigration Land Company, the same having been turned over to him for attention. In this letter Hinkle stated that the proposal of plaintiff was satisfactory to the land company, and that the formal contract would be forwarded within a week or ten days to the bank at Hibbing. No contract was ever prepared, however, or forwarded, as stated in this letter, and, on the claim that the correspondence amounted to a sale of the land, this action for specific performance was brought. The trial court found as a fact that no contract for the sale of the land was ever entered into between the parties, as alleged in the complaint, or otherwise, and judgment was ordered for defendant.

The judgment appealed from must be affirmed. Aside from the question whether the correspondence between the parties amounted to a contract for the sale of the land, there is an entire absence of evidence tending to show that Hinkle, who assumed to make the contract for defendant, had any authority to do so, either in writing or otherwise. He was not an officer nor a stockholder in either corporation; he was a clerk in the office of the Pine Tree Lumber Company, and, at the request of the president of the Immigration Land Company, had charge of such correspondence of that company as was referred to him. But there is no evidence that he was ever in any manner authorized to enter into contracts for the sale of land on behalf of the corporation.

Section 4213, G. S. 1894, provides that no estate or interest, other than leases for a term not exceeding one year, shall be created, granted, or assigned unless by act or operation of law, or by deed of conveyance

in writing subscribed by the parties creating or granting the estate, "or by their lawful agent thereunto authorized by writing." Section 4215, G. S. 1894, provides that every contract for the sale of land or any interest therein shall be void unless the same is in writing, subscribed by the parties by whom the sale is to be made, "or by his lawful agent thereunto authorized in writing."

We had occasion to construe this statute in Newlin v. Hoyt, 91 Minn. 409, 98 N. W. 323. We there held that a contract for the sale of land which was made and entered into by an agent of the owner was void and unenforceable in the absence of written authority on his part to make the same. It was there said that the provisions of the statute just referred to, requiring the authority of the agent to be in writing, is as much a part of the statute of frauds as the requirement that the contract itself be in writing, and must receive the same strict interpretation; and, for the reason that the agent shown in that case to have contracted for the sale of the land there involved was not authorized in writing by his principal to do so, the contract could not be enforced. That case controls the one at bar, and the judgment appealed from is affirmed.

Judgment affirmed.