# GUY A. THOMAS v. JENNIE E. ROGERS and Others.[1]

June 4, 1909.

Nos. 16,093—(102).

**Authority of Agent to Sell Real Estate.**

To render valid and enforceable a contract by an agent for the sale of real property of his principal, his authority to make the same must, under the statute of frauds, be in writing.

**Same — Statute of Frauds.**

The fact that the principal verbally authorizes the agent to accept by telegram an offer of purchase does not, in the absence of facts or circumstances creating an estoppel, obviate the lack of written authority in the agent, where the acceptance is in the agent's name.

**Specific Performance.**

A contract so entered into by an agent stands in the position of an oral contract, and enforceable only when there has been a substantial part performance.

**Same — Part Performance.**

Facts stated in the opinion *held* not to constitute part performance, within the rule applicable to such cases.

Action in the district court for Hennepin county for specific performance of a contract to sell real estate, and for $10,000 damages for refusing to convey to plaintiff. The facts are stated in the opinion. David Friedman and his wife filed their complaint in intervention, alleging that the former was the present owner in fee of the property in question. The case was tried before Dickinson, J., who dismissed the action. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Harlan P. Roberts* and *W. W. Bardwell,* for appellant.

*Kingman, Crosby & Wallace* and *Norton M. Cross,* for respondent Rogers.

*Jay W. Crane,* for respondents Friedman.

[1] Reported in 121 N. W. 630.

BROWN, J.

Action for the specific performance of a contract for the sale of real property, which was dismissed at the conclusion of the trial in the court below, and plaintiff appealed from an order denying a new trial.

Defendant, a resident of the state of New Jersey, was the owner of a large amount of real property situated in the city of Minneapolis, this state, including the property here in controversy, of all which P. D. McMillan & Co., real estate dealers, were prior to May 1, 1908, in charge and control as her agents. Defendant had given an exclusive agency of this particular property for the month of May, 1908, to Thorpe Bros., and had authorized them to make a sale thereof. On May 26, McMillan & Co. telegraphed to H. B. Rogers, defendant's son, who was in general charge of her affairs, also residing in New Jersey, that they had an offer of $40,000 for this property and advised an acceptance thereof. Rogers consulted with defendant, and she objected to making a sale over the heads of Thorpe Bros., for the reason that they had an exclusive right to make a sale during the month of May; but the evidence tends to shows that she was willing to accept the McMillan offer subject to their rights. Whereupon Rogers, in his own name, wired McMillan & Co. an acceptance of their offer, directing them to consult with John Crosby "before closing deal." McMillan & Co. thereafter, and on the twenty-eighth day of May, as the agents of defendant, entered into a written contract for the sale of the property to plaintiff. Defendant refused to recognize or perform the contract, and this action followed.

The authority of McMillan & Co., whatever it may have been, to enter into the contract, came through H. B. Rogers, representing defendant, and it appears that his authority was not in writing, as required by R. L. 1905, §§ 3487, 3488. The contract was therefore void and unenforceable. Newlin v. Hoyt, 91 Minn. 409, 98 N. W. 323; Power v. Immigration Land Co., 93 Minn. 247, 101 N. W. 161. But it is contended, first, that the telegram sent by H. B. Rogers was, under the circumstances disclosed by the evidence, the act of defendant herself, and therefore binding upon her; and, second, that defendant is estopped from setting up the absence of written authority in her agent. Neither contention can be sustained.

1. The first contention is founded upon the claim that defendant was advised personally by her son of the terms of plaintiff's offer, and that she then verbally authorized him to accept it, by sending the telegram to McMillan & Co. It is doubtful from the evidence whether defendant ever authorized her son to unconditionally accept the offer. She seems to have insisted that the rights of Thorpe Bros. in their exclusive agency should be protected, and that the question of the acceptance of plaintiff's offer should be deferred until after the first day of June, when their rights would expire by limitation. But conceding, for the purposes of the case, that she did orally authorize her son to accept the offer, the fact remains that the acceptance was in his name and was the act of an agent. The reasons for requiring the authority of the agent in real estate transfers to be in writing apply equally to the situation here presented, and the statute cannot be held inapplicable, or sufficiently complied with, without in effect repealing it. The immediate presence of defendant and consultation with her agent, unconnected with subsequent conduct amounting to an estoppel, does not change the situation from the viewpoint of the statute. If, under the circumstances here shown, an oral direction to the agent to accept an offer of purchase avoids the statute, then a like direction over the long-distance telephone would answer the same purpose. The statute was enacted for wise purposes, and the courts should not permit an avoidance of its commands in this indirect manner. The case of Karns v. Olney, 80 Cal. 90, 22 Pac. 57, 13 Am. St. 101, cited by plaintiff, is not in point. It was there held that written authority of the agent was not essential, where he makes the contract of sale in the presence of his principal, who accepts a payment on the purchase price and surrenders possession of the property to the purchaser, who subsequently makes valuable improvements thereon. That was a case of estoppel.

2. The second contention is that, inasmuch as Rogers was defendant's agent in fact, and for a long number of years exercised a general supervision of her affairs, of which plaintiff and McMillan & Co. were cognizant, and upon which they acted and relied in entering into this contract, defendant is estopped from repudiating the same on

the sole ground that she had not clothed him with written authority to make this particular sale.

This contention is untenable. To sustain it would wholly defeat the statute. While it is true that defendant, on the facts stated, in holding her son out as her authorized agent, would be estopped to deny his authority, it is clear that it would not necessarily preclude her from insisting that a contract made by him was invalid as a matter of law. In respect to transactions within the general scope of his agency she would be bound, but not as to contracts made by him which were either expressly prohibited or not in conformity with the requirements of law. Newlin v. Hoyt, 91 Minn. 409, 98 N. W. 323. It is not a case of an excessive exercise of authority, which may be subsequently ratified by the principal, but whether an authority possessed and exercised was in writing as required by our statutes. The case presented is substantially as though the contract were oral, and therefore void and unenforceable. And though we have, in harmony with nearly all the courts, enforced such contracts where there has been a part performance, we have uniformly held that the part performance must be substantial, and of such a nature that injustice will result if performance is not decreed. Place v. Johnson, 20 Minn. 198 (219); Williams v. Stewart, 25 Minn. 516; Slingerland v. Slingerland, 39 Minn. 197, 39 N. W. 146; Brown v. Hoag, 35 Minn. 373, 29 N. W. 135; Veum v. Sheeran, 95 Minn. 315, 104 N. W. 135. The rule followed in this state is correctly stated in the last case cited, where the authorities are cited.

But the case at bar does not come within the rule. Here no part performance is shown, no part of the purchase price was paid to or received by defendant, nor was plaintiff given possession of the property, and his situation is precisely the same as before the contract was entered into, except that he deposited an amount of earnest money with McMillan & Co., which he is entitled to have returned to him. Nor does it appear that in consequence of the contract he has altered or changed his position in reliance thereon, or that he will lose anything by a failure of performance save the benefit of his bargain. It is clear, therefore, that the case is not brought within the doctrine of part performance, and defendant is not estopped from pleading the

statute. Veazie v. Morse, 67 Minn. 100, 69 N. W. 637; Townsend
v. Fenton, 30 Minn. 528, 16 N. W. 421; Richardson v. Crandall, 48
N. Y. 348; 20 Cyc. 289, et seq.; 26 Am. & Eng. Enc. (2d Ed.) 50,
et seq.

Order affirmed.