Argued April 3, decided April 22, 1913.

# MARQUAM v. RAY.

(131 Pac. 523.)

**Principal and Agent—Power of Attorney—Exercise of Power—Effect.**

1.   Where under a power of attorney to sell certain real property, or, "if unable to sell, to mortgage the property for the purpose of raising money thereon," the property was mortgaged for the benefit of the grantor of the power, there was no subsequent power to convey the property.

> [As to particular acts that work a revocation, see note in 110 Am. St. Rep. 863; and see note in 47 Am. Dec. 343.]

**Principal and Agent—Power of Attorney—Exercise—Time.**

2.   Where a power conferred on the attorney authority to sell, or, if unable to sell, to mortgage the property to raise money for the grantor without any limit as to time, he was required to exercise the power within a reasonable time, and a sale made more than 10 years after the expiration of the power was too late.

**Appeal and Error—Right to Allege Error.**

3.   That verdict in ejectment was for defendant for possession only, and did not determine the question of title in compliance with L. O. L., Section 329, was not prejudicial to plaintiff, nor an error of which he could complain on appeal.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action in ejectment by P. A. Marquam, Jr., against W. H. Ray to recover lots 14, 15, and 16, block 13, Willamette addition to East Portland.   Plaintiff is claiming title from Anna, Tommie, and Georgia Riley, and defendant claims title as a purchaser at a sheriff's sale of the property for the collection of delinquent taxes.   Plaintiff in establishing his title, after proving record title in the Rileys, offered in evidence copies of powers of attorney, executed by each of the Rileys to J. F. Sturgeon; the power of attorney by Georgia Riley being in the following language:

"Know all men by these presents that I, Georgia Riley unmarried of the county of Los Angeles and state

of California, have made, constituted and appointed
and by these presents do make, constitute and appoint
J. F. Sturgeon of the county of Woodford and the
State of Illinois, my true and lawful attorney for me
and in my name, place, and stead and for my use and
benefit to sell and convey and to make, sign and execute
a proper deed of conveyance, or if unable to sell and
convey he shall have power to mortgage said property
hereinafter described for the purpose of raising money
thereon, any or all interest or claim I may have in and
to all of lot numbered fourteen (14), in block thirteen
(13), in Willamette Addition to the city of East Port-
land, in Multnomah county, state of Oregon, as per
map or plat on file in the Auditor's office in said county
and state.   Giving and granting unto my said attorney
full power and authority to do and perform all and
every act and thing whatsoever requisite and necessary
to be done in and about the premises, as fully to all
intents and purposes as I might or could do if per-
sonally present, hereby ratifying and confirming.
* * '' (Dated October 17, 1889.  Signed and sealed.)

Thereafter, on February 24, 1900, the said Sturgeon,
as such attorney in fact, and by virtue of said powers
of attorney, executed a mortgage upon the lots in favor
of Isaac B. Hammers for the sum of $75.   On May 21,
1909, plaintiff purchased the lots from the attorney
in fact for $75, and with the deed received a cancella-
tion of the said mortgage, bearing that date.   When
the deed from the attorney in fact to the plaintiff was
offered in evidence, the defendant objected thereto for
the reasons that "it was executed by an agent more
than 10 years after the agency was created, and,
further, there was nothing in the record to show that
the power of attorney was not exhausted before the
execution of the deed. * * " At the close of plain-
tiff's evidence, defendant moved for a directed verdict

in his favor, which was allowed; and from a judgment thereon plaintiff appeals.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Hayward H. Riddell.*

For respondent there was a brief and an oral argument by *Mr. W. L. Cooper.*

MR. JUSTICE EAKIN delivered the opinion of the court.

There is but one question presented on the appeal, namely: Are the powers of attorney sufficient to authorize the deed by Sturgeon as attorney in fact for the Rileys to the plaintiff? If not, the judgment must be affirmed.

There are two serious objections to the exercise by Sturgeon at this time of the power conferred: (1) The power granted seems to have been fully exercised by him in 1900; and (2), where the time within which the power is to be exercised is not fixed in the instrument, it must be exercised within a reasonable time. Mr. Chief Justice STRAHAN in the case of *Coulter* v. *Portland Trust Co.,* 20 Or. 479 (26 Pac. 565, 27 Pac. 266), quoting from *Gouldy* v. *Metcalf,* 75 Tex. 455 (12 S. W. 830, 16 Am. St. Rep. 912), says:

" 'The language used in the grant of general power is certainly very comprehensive, but the established rule of construction limits the authority derived by the general grant of power to the acts authorized by the terms employed in granting the special powers. When an authority is conferred upon an agent by a formal instrument, as by a power of attorney, there are two rules of construction to be carefully attended to: (1) The meaning of the general words in the instrument will be restricted by the context, and construed accordingly. (2) The authority will be construed strictly, so as to exclude the exercise of any power which is not warranted either by the actual terms used, or as a

necessary means of executing the authority with effect': Elwell's Evans, Ag. 204; *Reese* v. *Medlock,* 27 Tex. 120 (84 Am. Dec. 611)."

1. The terms of this power must be construed in the light of the context as well as of the words creating the power. Omitting the qualifying words, the clause reads that the attorney is appointed "for me and in my name * * and for my use and benefit to sell and convey * * or (if unable to sell). * * to mortgage said property * * for the purpose of raising money thereon." This clearly means he is to sell or mortgage the lot in order to raise money for Georgia Riley. When he has raised the money, he has exhausted the power and his authority to sell is terminated. So far as appears here, the whole purpose of the power has been accomplished in the raising of the money on the mortgage. It is said in Clark & Skyles, Agency, p. 514:

"All powers conferred upon an agent by a formal instrument are to receive a strict interpretation, and the authority is never extended by intendment or construction beyond that which is given in terms or is necessary for carrying the authority into effect, and the authority must be strictly construed. This rule has been well stated, as follows: 'A formal instrument delegating power is ordinarily subjected to strict interpretation, and the authority is not extended beyond that which is given in terms, or which is necessary to carry into effect that which is expressly given.' * * The guiding principle in the construction of powers is to be derived from a consideration of the result, which the agent or depositary of power is appointed to accomplish. When a court is called upon to construe a written authority, its first duty is to ascertain what intention or purpose the principal had in view when he gave the authority to the agent; and, when that has been ascertained, the power is to be construed so as to effect that purpose, if possible, instead of defeating it."

General words do not confer general power, but are limited to the purpose for which the authority is given, and are restricted to what is necessary for the proper performance of the particular act authorized. Also, this is a question for the court. It is said by the same authority (page 516):

"When authority has been conferred upon an agent by a formal written instrument, it becomes a question of law for the court to decide what powers have thus been given to the agent: * * and since the construction of writings belongs to the court, and not to the jury, the fact and scope of the agency are in such cases questions of law, and are properly decided by the judge": See, also, Bowstead, Agency, p. 68.

2. The power of attorney does not limit the time within which the act may be done. Therefore, it must be done within a reasonable time, where the act is but a single act or an alternative one. It is said in Clark & Skyles, Agency, p. 542:

"If nothing is said in the power as to the time of sale, then the agent may, in good faith, exercise his discretion in selling at such time as he honestly believes will best subserve the interests of his principal. He cannot exercise such discretion, however, to sell at a very remote date from the time of his employment. * * "

In this case 10 years after the date of the creation of the agency is certainly too remote for its exercise when the power indicates that its purpose is to raise money speedily, and the attorney in fact had no authority to execute the deed offered in evidence in the name of his principals; and, as in ejectment cases the plaintiff must recover on the strength of his own title, verdict was properly directed for the defendant.

3. Plaintiff, as an afterthought, suggests in this court for the first time that the form of verdict, being for defendant only, does not conform to Section 329, L. O. L., and that it was reversible error; but this is not

assigned as error, nor is it reversible on appeal by the plaintiff. Subdivision 2 of Section 329, L. O. L., taken in connection with Section 337, L. O. L., relates to the effect of the verdict and judgment thereon. Plaintiff is not prejudiced thereby. The judgment in this case cannot have the conclusive effect provided by these sections, but it is not an error from which plaintiff can appeal: See *Hoover* v. *King,* 43 Or. 281 (72 Pac. 880, 99 Am. St. Rep. 754, 65 L. R. A. 790); *Sommer* v. *Compton,* 52 Or. 173 (96 Pac. 124, 1065).

The judgment is affirmed.                  AFFIRMED.