# THOMAS J. SHARKEY v. CHARLES BATCHER.[1]

February 15, 1918.

No. 20,668.

**Injunction.**

Permanent injunction *held* justified by the evidence.

Action in the district court for Todd county to reform a written agreement between the parties, and to restrain defendant from maintaining an obstruction to the entrance of plaintiff's building from the public alley. The case was tried before Roeser, J., who made findings reforming the agreement, granted an injunction against defendant obstructing the entrance to the public alley and ordered judgment against plaintiff for $35, the cost of putting the wall in condition, and against the defendant for costs and disbursements. From the judgment granting the injunction, defendant appealed. Affirmed.

*L. M. Davis* and *W. F. Donohue,* for appellant.

*Arthur B. Church,* for respondent.

DIBELL, C.

Action for an injunction. Judgment for the plaintiff. The defendant appeals.

The plaintiff and the defendant owned adjoining properties, in Staples, facing on First avenue at the south, the plaintiff's property being easterly of that of the defendant. Both were improved. The plaintiff was about to tear down and rebuild. He made an arrangement with the defendant whereby he was to build a wall, under the easterly side of the defendant's building, sufficient to support it. In consideration of his doing this and of his permitting sewer and water pipes to pass through his lot to the defendant's property, the defendant agreed to give him the use of the ground in the rear of his building as a means of entrance and exit. The court finds on sufficient evidence that the wall was constructed substantially according to contract, though imperfect in some details, for which a

[1]Reported in 166 N. W. 350.

139 M.—22

sufficient allowance was made. The written agreement was informal. The property affected was not described by legal subdivision nor was that of which the plaintiff was to have the use specifically located. There was no difficulty in supplying the correct description. The evident purpose was to give the plaintiff access to and from an alley to the west of the defendant's property. It was the opening into the alley at his property line which the defendant closed, and the closing is what the court enjoined. The court reformed the contract so as to express the real intent of the parties. Perhaps all of the reformation made was not necessary but there was no error harmful to the defendant. The merits are with the plaintiff. The defendant is treated fairly by the judgment and the parties are getting and giving in accordance with their agreement.

Judgment affirmed.