[Civ. No. 8457.   First Appellate District, Division Two.—September 30, 1932.]

CARL FRUDDEN, etc., Respondent, v. PEPPERS FRUIT COMPANY (a Corporation), Appellant.

Rohe & Weikert and Alfred C. Bowman for Appellant.

Charles B. Rosendale and Edson G. Thomas for Respondent.

SPENCE, J.—Plaintiff furnished groceries to one J. M. Islas and sought to recover the balance due therefor from the defendant corporation. From a judgment in favor of plaintiff, defendant appeals.

Plaintiff based his claim against the defendant corporation upon a written guaranty of the account of said J. M. Islas, which guaranty was executed in the name of the defendant corporation on March 2, 1931, by one J. L. McMahon, an employee of the defendant corporation. This guaranty was revoked in writing by said J. L. McMahon on March 21, 1931, at which time Islas was indebted to plaintiff in the sum of approximately $380. Thereafter plaintiff continued to extend credit to Islas and received payments from him in excess of the balance due at the time of the revocation of the guaranty. Islas failed to pay his account in full and plaintiff brought this action against the defendant corporation.

Plaintiff alleged in his complaint that the defendant executed a ''guarantee in writing . . . whereby the defendant agreed to answer for the debt of J. M. Islas . . . ''; that plaintiff thereafter ''sold and delivered to said J. M. Islas'' merchandise of the value of $1,150.69, of which Islas had paid $530.14, leaving a balance of $620.55; that plaintiff demanded said balance of said Islas but he failed and refused to pay any part thereof; and that thereafter plaintiff demanded of defendant that it pay said balance but it failed and refused to do so. By way of answer defendant denied among other things that it executed any guaranty and alleged that said J. L. McMahon was not authorized in writing or otherwise to execute the purported guaranty. The trial court made findings in favor of plaintiff and against defendant on the issues thus made by the pleadings.

In our opinion the judgment of the trial court must be reversed. The agreement to answer for the debt of said

J. M. Islas was required to be in writing (Civ. Code, secs. 1624, 2793), and as said J. L. McMahon was merely an employee or agent of the appellant corporation, his authority to execute the written agreement was likewise required to be in writing. (Civ. Code, sec. 2309; *Clement* v. *Young-McShea Amusement Co.*, 70 N. J. Eq. 677 [18 Am. St. Rep. 747, 67 Atl. 82]; *Lindhorst* v. *St. Louis Protestant Orphan Asylum*, 232 Mo. 379 [132 S. W. 666]; *Power* v. *Immigration Land Co.*, 93 Minn. 247 [101 N. W. 161].) The testimony offered by appellant showed that said J. L. McMahon had no authority whatever to execute the agreement in question and it is conceded by respondent that there was no evidence of any written authority. It follows that the findings of the trial court relating to the execution of the guaranty by the appellant corporation and relating to the authority of McMahon to execute the same on behalf of the appellant corporation are not sustained by the evidence.

In support of the judgment respondent contends that said J. L. McMahon had sufficient authority to execute the agreement and that written authority was unnecessary. He argues that this is an original obligation of the corporation rather than an agreement to answer for the debt of another and therefore not required to be in writing by virtue of the provisions of subdivision 2 of section 2794 of the Civil Code. Respondent's contention cannot be sustained. The record shows that the goods were billed to said J. M. Islas and that the account was carried in his name. The correspondence between respondent and said J. L. McMahon, including the original guaranty and revocation, shows that they were not dealing with an account of the appellant corporation but with a guaranty of the account of the said J. M. Islas. Respondent's complaint was based on an alleged agreement of the appellant corporation "to answer for the debt of J. M. Islas". The section relied upon by respondent has no application under its terms unless the agreement is such "as to render the party making the promise the principal debtor, and the person in whose behalf it is made, his surety". There was neither pleading nor proof of such an agreement here, but, on the contrary, the pleading and proof showed that Islas was the principal debtor.

Respondent further contends that as "the alleged guarantee was given prior to and contemporaneously with the creation of the account", it was an original undertaking and therefore a writing was not required. This contention is likewise without merit. The only authority referred to by respondent in this connection is the language found in 12 California Jurisprudence, 866, section 19, and the early California cases cited in the footnote. These cases are not helpful. They were decided under an earlier statute of frauds, unlike the present statute, and with one exception there was a writing signed by the party to be charged in each of those cases. In *Clay* v. *Walton*, 9 Cal. 328, the single exception mentioned above, there was no writing and the court held that the agreement was invalid regardless of the time when it was made. In the following section of the text (12 Cal. Jur. 867, sec. 20) it is said: "But if any credit is given the beneficiary of the contract, or he is in any degree liable for the indebtedness, then another's promise to answer for the debt is merely a guaranty, and void unless written." The authorities cited in the footnote amply support this portion of the text. In the present case credit was given to said J. M. Islas and he was liable for the indebtedness. The guaranty did not purport to make the appellant corporation the principal or original debtor. It was required to be in writing and the authority of said J. L. McMahon to execute it was likewise required to be in writing.

We deem it unnecessary to discuss the further contentions of appellant as it appears that the conclusions above set forth will be determinative of this litigation.

The judgment is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 29, 1932.