## THEODORE PETTYJOHN AND ANOTHER v. FRANK L. BOWLER AND OTHERS.[1]

December 22, 1944.

No. 33,855.

*B. H. Bowler,* for appellants.
*Murphy & Cook,* for respondents.

PER CURIAM.

Appeal from an order denying amended findings or a new trial.

Defendants entered into a contract with plaintiffs for the sale of certain real estate in Crow Wing county for a consideration of $3,000. By the terms of the agreement, $1,500 was paid in cash and "$1,500 as soon as the vendors tender a warranty deed conveying marketable title, together with an adequate abstract of title

[1]Reported in 17 N. W. (2d) 82.

or a Torrens certificate showing good title, with interest after such tender at the rate of five percent per annum." At the time of the execution of the contract, defendants contemplated the preparation and recording of a plat describing the property in accordance therewith. This intention is indicated by the following provision in the contract:

"Lot Two (2) in Butler's Birch Crest, according to the plat thereof recently prepared by Louis Knudsen, County Surveyor of said Crow Wing County, to be presented to the proper officials of said County presently for record in the office of the Register of Deeds of said County."

The plat was never prepared, and defendants abandoned the plan of having one filed. Negotiations were had between the parties relative to a description for the deed. Plaintiffs finally prepared a deed containing a new description and sent it to defendants for execution. Defendants concede that the deed correctly describes the property sold. During the negotiations, defendants tendered to plaintiffs a deed containing the description in the contract. This tender was not accepted. Defendants refused to deliver to plaintiffs the deed prepared by them unless plaintiffs paid, in addition to the $1,500 balance on the principal, interest from December 29, 1942, the date of defendants' tender, plus one-half of the surveyor's charge. The dispute which is the cause of this appeal revolves around payment of $20, one-half the charge for surveying the property and preparing a small alternate plat, and an item of interest amounting to $25 when the action was commenced. Plaintiffs were at all times ready to pay the $1,500 balance due on the contract, but declined to pay the interest and surveyor charge, except that, for the purpose of settlement, they later offered to pay the $20 surveyor item. When the negotiations failed, plaintiffs commenced an action requesting a construction of the contract, for specific performance, and for an injunction restraining defendants from attempting to cancel the contract. At the opening of the trial plaintiffs moved to amend the prayer by inserting a request for reforma-

tion of the contract. The motion was taken under advisement and granted by the court when the findings were filed. The court found that defendants refused to proceed with the platting as contemplated; that there is no plat of any premises in Crow Wing county known or designated as "Butler's Birch Crest" as described in the contract; that plaintiffs have been ready and willing to pay defendants the balance of $1,500 owing under the contract upon the delivery of a sufficient warranty deed; that the attempted tender of defendants was insufficient in that it described property according to a plat not in existence; and that prior to the institution of the action defendants threatened to take steps to terminate the contract. The court concluded that plaintiffs are entitled to judgment reforming the contract so as to include the description which the parties have agreed is correct; that plaintiffs are entitled to a warranty deed so describing the property and restraining defendants from taking any steps to terminate the contract until after plaintiffs shall fail to pay the sum of $1,500, the unpaid balance. The court did not order specific performance, but retained jurisdiction for that purpose in the event defendants refused to deliver such a deed. Plaintiffs were also granted costs.

Defendants assert that the contract contained a description so indefinite that no decree of specific performance could properly be based upon it. A contract is sufficiently certain to be enforced if it can be made certain by reformation. Ham v. Johnson, 55 Minn. 115, 56 N. W. 584; Sharkey v. Batcher, 139 Minn. 337, 166 N. W. 350. Defendants agree that the description in the court's findings is correct and describes the property sold under the contract. Therefore, there is no merit in this contention. Defendants complain further because the court granted plaintiffs' motion to amend the prayer by adding a request for reformation. Reformation and specific performance may be had in the same action. Ham v. Johnson, 51 Minn. 105, 52 N. W. 1080. In an action for specific performance, it is discretionary with the court to allow the complaint to be amended so as to ask for reformation and specific performance of the contract as reformed. Gagnon v. Barnes, 155 Minn. 348,

193 N. W. 685. It is also contended that reformation was improperly granted because there was no mutual mistake in inserting the language in the contract describing the property. Reformation may be granted not only where the language used in the instrument is not such as was intended, but also where both parties are in error in respect to the thing to which such language applies. Chilstrom v. Enwall, 168 Minn. 293, 210 N. W. 42; Crookston Improvement Co. v. Marshall, 57 Minn. 333, 59 N. W. 294, 47 A. S. R. 612. The court was justified in granting reformation under the facts in the instant case.

Defendants further object to the granting of the injunction. The evidence warranted it. In one of the letters by defendants' attorney to plaintiff Theodore Pettyjohn, it was stated: "Thus far I have tried diplomacy; now I am forced to resort to another policy." There were other statements in letters justifying the court in concluding that defendants might take steps to cancel the contract. Reformation may be granted and injunction issued against breach. Sharkey v. Batcher, 139 Minn. 337, 166 N. W. 350, *supra*.

The evidence was sufficient to sustain the finding that defendants were not entitled to interest, because the tender made by them was insufficient. The deed contained a description which referred to a plat not in existence. Obviously, a tender of such a deed was inadequate. Under the contract, defendants were not entitled to interest until a tender of a warranty deed conveying marketable title was made. Plaintiffs were entitled to costs. On numerous occasions, they offered to pay the balance due under the contract, but the offers were refused. A more formal tender would have been unavailing and useless. Vogt v. Ganlisle Holding Co. 217 Minn. 601, 608, 15 N. W. (2d) 91, 95.

Affirmed.