## DAVID TICE *vs.* JOHN FREEMAN.

### May 4, 1883.

**Statute of Frauds—Requisites of Memorandum on Sale of Lands.—**
In a contract for the sale of lands, the memorandum in writing required by the statute of frauds must disclose upon its face the subject-matter of the contract, and the land must be so described that it may be identified.

**Same—Identification of Land by Parol.—**Its location and identification may be established by parol.

**Same—Memorandum consisting of Letters.—**The memorandum may be constituted of several writings, as letters between the parties, but their connection and relations to each other must appear by the writings themselves, and cannot be shown by parol evidence of what the parties intended.

Appeal by defendant from an order of the district court for Washington county, *Crosby, J.*, presiding, refusing a new trial. The action was for specific performance, and, to prove the contract, the plaintiff introduced in evidence a letter from one Comfort (his agent) to defendant, dated December 19, 1881, in which he stated: "I am informed that you are the owner of the south-east quarter of section 29, township 30, range 21, Washington county, Minnesota. I write to ask if it be so, and, if so, if the same is for sale. If you wish to sell the above, will you please inform me of your best figures." Comfort testified, under objection and exception, that defendant replied to this by letter, and that Comfort, as his agent, again wrote to defendant (neither of the letters being produced) and that the following letter from defendant to the witness, dated December 26, 1881, was in answer to the witness's last letter. "Your favor of Dec. 22d received, and in reply I would say that the payments are not satisfactory. You can tell Mr. Tice that if he will make it $300 down, and the balance in three equal payments of $300 each, to be paid on the first of January of each year, with seven per cent. interest, I will close the trade with him when I come down. When the $300 is paid to me, I will give a warranty deed and take a mortgage to secure the notes. If these terms suit the purchaser, we will call it a trade." On December 29, 1881, Comfort wrote to defendant accepting the terms named by him, and asking when he would meet plaintiff and pass the papers. To this no answer was received.

Plaintiff also proved that on May 1, 1882, he asked defendant to execute the deed, which was refused, and then tendered him $100 and a deed for execution, which was refused by defendant on the ground that he had made arrangement to sell to some one else.

The court, having found that the above letters passed between Comfort, as plaintiff's agent, and the defendant, and that the letter of December 26th referred to the purchase and sale of the land described in the complaint, ordered judgment for plaintiff.

*L. E. Thompson*, for appellant.

*Marsh & Searles*, for respondent.

VANDERBURGH, J. Action for specific performance. The memorandum constituting the contract relied on, consists of letters between

the parties. The defendant's contention is that the land which is the subject of the controversy is not described in the alleged contract. The writing upon which defendant is sought to be charged is a letter dated December 26, 1881. It contains no description of the land, and is in reply to a letter from plaintiff's agent, not produced in evidence, and makes no reference to any other writing or letter. A previous letter of plaintiff's agent to defendant, in relation to the price of the land, describing it, was introduced, but there is nothing on the face of these writings showing any connection or relation between them. Parol evidence was offered and received, against defendant's objection, to show such relation, and that the proposition contained in defendant's letter had reference to the land described in the letter of the agent last above mentioned.

The subject-matter of the contract must appear from the memorandum, and the land must be so described that it may be identified. Browne on Stat. of Frauds, § 385. Its location and identification may be by parol. Thus, in *Sanborn* v. *Nockin* 20 Minn. 163, (178,) the plaintiff, by letter, offered to buy five acres, owned by defendant, in a certain section. This offer was accepted in writing, and a valid contract established. The writing contained a description, but a question might be raised as to its sufficiency. In such case, however, it would be competent to identify, by extrinsic evidence, the five acres owned by defendant in the section, if he owned but one five-acre tract, and to show the identity of different forms of description of the same land. *Ames* v. *Lowry, ante,* p. 283; *Hurley* v. *Brown,* 98 Mass. 545.

The connection and relation of several writings assumed to constitute one contract must appear on their face, either from the nature of their contents or subject-matter, or by reference, and cannot be shown by parol. Browne on Stat. of Frauds, § 348; *Ridgway* v. *Ingram,* 50 Ind. 145, and cases cited; *Sanborn* v. *Nockin, supra.* The memorandum relied on in this case consisted of the above-mentioned letters introduced in evidence, and it was error to receive parol evidence to show their relation to each other. If relevant for such purpose, the letter to which defendant's proposition was a reply should have been introduced. Parol evidence, showing the fact of the delivery

and receipt of the several writings, including time, place, situation of property and parties, and other circumstances, may be received to aid in the interpretation of the contract, but the essential terms of the writing required by the statute of frauds cannot be supplied by oral testimony of what the parties intended or understood.

As to plaintiff's tender of performance we think it was sufficient and in season. It does not appear that, up to that time, either party had been put in default. It was not necessary to keep the tender good. The proper provisions could be inserted in the judgment, so as to protect the opposite party.

Order reversed.