W. BEACH TAYLOR vs. ISAAC ALLEN.

May 7, 1889.

Vendor and Purchaser—Statute of Frauds.—Certain correspondence between the parties *held* insufficient, as a written memorandum of a contract for the sale of land, for the reason that it contained no description of the subject-matter.

Same—Answer—Admission of Oral Agreement.—A defendant may in his answer admit an oral agreement for the sale of land, and yet avail himself of its invalidity under the statute of frauds.

Appeal by plaintiff from an order of the district court for Murray county, *Perkins*, J., presiding, refusing a new trial.

*B. H. Whitney*, for appellant.

*H. C. Grass*, for respondent.

MITCHELL, J.[1]    Action to compel specific performance of a contract for the sale of land.    The only question is whether there was a sufficient written memorandum of the contract to satisfy the requirements of the statute of frauds.    The only writings were in the form of correspondence between defendant and one Terry, the agent of plaintiff.    Assuming that these letters were in other particulars a sufficient memorandum, they are manifestly insufficient, for the reason that they contain no description of the land which was the subject-matter of the contract.    The only description found anywhere in the correspondence is in a letter from Terry to defendant, in which it is simply called "your land," but what land, or where situated, nowhere appears.    On the trial plaintiff attempted to supply the description by asking Terry what land he referred to in his letter, and what land he and defendant had talked about in prior conversations which led up to this correspondence.    But this was clearly incompetent.    Evi-

[1] Gilfillan, C. J., was absent, and took no part in this decision.

v.40M—28

dence of extrinsic facts and circumstances are admissible to apply or identify a description contained in the memorandum, but the attempt here was to supplement a manifestly incomplete memorandum by proving the description by parol.   Oral evidence can no more supply defects in the written memorandum than it can supply the entire want of one.   The writing must be complete in itself by containing all the essential elements of the contract, including a description of its subject-matter.   The plaintiff suggests that the written memorandum in this case is aided or supplemented by certain admissions in the answer.   But these will not help matters.   It is now the settled law that the defendant can have the benefit of the statute, even if he admits an oral agreement.   He may admit a verbal agreement, and yet assert its invalidity.   Browne, St. Frauds, § 509; 2 Reed, St. Frauds, § 527; *Wilson Sewing Machine Co.* v. *Schnell,* 20 Minn. 33, (40–47.)

Order affirmed.