## DANIEL W. HAM *vs.* A. B. JOHNSON.

Argued July 15, 1892.  Decided Aug. 29, 1892.

**Contracts—Reformation and Specific Performance in Same Action.**
> Reformation of a contract for the sale or exchange of lands, and a specific performance of the contract so reformed, may be had in one and the same action.

**Complaint Sufficient.**
> Contract and complaint *held* sufficient to require the court to proceed to the trial on the merits.

Appeal by plaintiff, Daniel W. Ham, from a judgment of the District Court of Hennepin County, *Canty*, J., entered December 7, 1891, dismissing the action, and for $34.43 costs.

This action was against the defendant, A. B. Johnson, for the reformation and specific performance as reformed, of a contract between the parties for the exchange of real estate.  The contract, as actually signed, after attempting to describe defendant's property, provided that the party of the second part (Ham) in consideration of the premises, should pay the party of the first part, (Johnson,) as and for the purchase price of said premises, as follows, to wit: "Building No. 1201, 1203 and 1205 Third Ave. S., and 326 and 328 Grant street, and leasehold of fractional block twenty-three, Snyder & Co., (first) addition to Minneapolis, including sublease on 1207 and 1209 Third Ave. S. and all other subleases thereon."  The complaint alleges several mistakes of the draughtsman by which the contract as signed does not correctly describe part of the property agreed to be conveyed by Johnson to Ham; asks for a reformation of the contract to conform to the actual agreement; and a specific performance as reformed.  A demurrer to the complaint was sustained, on the ground that plaintiff had not alleged ownership in himself of the property to be conveyed by him, and the complaint was amended in that particular.  The defendant answered the amended complaint, and a motion to strike out the answer as sham and irrelevant, was denied.  The case came on for trial, and the court, on October 10,

1891, granted a motion of defendant for judgment in his favor on the pleadings. A motion by the plaintiff for a new trial was denied November 23, 1891, and costs were taxed and judgment entered in favor of defendant on December 7, 1891. From this judgment, plaintiff appeals.

*Benton & Benton,* for appellant.

The court erred in granting defendant's motion for judgment on the pleadings. The reformation of a contract, and specific performance thereof as reformed, may be had in the same action. *Olson v. Erickson,* 42 Minn. 440. The description of the property to be conveyed by plaintiff to defendant, is not so indefinite and uncertain as to make the contract void for uncertainty. The description is sufficient if the property is capable of identification, and parol evidence is admissible for that purpose. *Romans v. Langevin,* 34 Minn. 312; *Hurley v. Brown,* 98 Mass. 545; *Fowler v. Redicom,* 52 Ill. 405; *Baldwin v. Winslow,* 2 Minn. 213, (Gil. 174;) *Case v. Young,* 3 Minn. 209, (Gil. 140;) *St. Paul, M. & M. Ry. Co. v. St. Paul Union Depot Co.,* 44 Minn. 325.

*Peterson & Kolliner,* for respondent.

The description was indefinite and uncertain, and the contract therefore void. *Pierson v. Ballard,* 32 Minn. 263; *Nippolt v. Kammon,* 39 Minn. 372; *Taylor v. Allen,* 40 Minn. 433; *Brockway v. Frost,* 40 Minn. 155; *Scanlon v. Oliver,* 42 Minn. 538.

VANDERBURGH, J. This action is brought for a reformation of a contract for the exchange of real estate, and for a specific performance of the contract. Such relief may be had in one and the same action.

But if this were not so, and the plaintiff were entitled to have any part of the relief sought, judgment should not have been ordered for the defendant.

The question of the sufficiency of the complaint turns upon that of the certainty or definiteness of the description of premises not sought to be corrected. The plaintiff alleges that the defendant

was to convey to him certain property, and in consideration thereof the plaintiff agreed to convey to the defendant, among other parcels, certain property described as buildings designated by street numbers, with leasehold premises in the city of Minneapolis.

If the court is to indulge in any presumption on the subject, before proof offered, we think it would be that the property described is capable of identification.

Parol evidence is always admissible to identify lands described in a deed or contract.

The subject-matter must appear from the memorandum, and the land must be so described that it may be identified, but its identification and location may be by parol evidence. *Tice* v. *Freeman,* 30 Minn. 391, (15 N. W. Rep. 674.) Parol evidence cannot be used to supply any gap or omission in the terms of the written contract. It may be resorted to, however, to explain the position of the parties, and of the subject-matter and other surrounding circumstances, so that the court may be put in the situation of the parties. Pom. Cont. § 161.

The contract is evidently very carelessly drawn, but neither that nor the complaint is apparently so defective as to warrant the conclusion that the property may not readily be identified.

We think the action should have proceeded to trial on the merits.

Judgment reversed.

(Opinion published 52 N. W. Rep. 1080.)