HAWKINS v. WELLS.

(Third Division.   Valdez.   August 14, 1916.)

No. S/63.

SPECIFIC PERFORMANCE ⊙═⇨29(2)—CONTRACTS—DESCRIPTION OF PROP-
ERTY.

Plaintiff, at Seward, Alaska, telegraphed defendant, at Seat-
tle, Wash.: "Wire me lowest price your lot half cash balance one
year."   The defendant answered: "Three thousand dollars six-
teen hundred dollars cash balance one year."   Plaintiff tendered
the first payment and demanded deed, to be held in escrow for
balance one year, which was refused by defendant.   Plaintiff
brought this action for specific performance.   *Held*, equity will
not compel specific performance, where the terms of the contract
are uncertain.   In this case there is no sufficient description of
the property.   In addition to this, the contract is not sufficiently
definite and certain to be enforceable, in that it does not appear
from the said correspondence that the parties' minds had met, or
that they had fully agreed upon the terms of the contract, to
wit: As to the deferred payment; whether it drew interest; if
so, at what rate; whether a mortgage was to be given; if so, its
terms and conditions.   The court cannot make a contract for the
parties, but may in a proper case enforce one which they have
completely and definitely agreed upon themselves.

Plaintiff brings this action to compel specific performance
of an alleged contract, based upon certain telegraphic corre-
spondence between the plaintiff and defendant.   The plaintiff,
now and on the 9th day of February, 1915, was a resident of
Seward, Alaska.   On that date he cabled defendant at Seattle,
Wash., as follows:

"Wire me lowest price your lot half cash balance one year.
                              "[Signed]   T. W. Hawkins."

On the same date defendant, who was then and still is a
resident of Seattle, Wash., cabled the following answer to
plaintiff:

"Three thousand dollars sixteen hundred dollars cash balance one
year.                              [Signed]   Napoleon Wells."

On the same day the plaintiff caused to be sent the following telegram:

"Seward, Alaska, February 9, 1915.
"First National Bank, Seattle, Washington.

"Notify and pay Napoleon Wells and charge our account sixteen hundred dollars. Secure deed made to T. W. Hawkins for lot twelve block ten Seward. Hold in escrow for balance fourteen hundred dollars due one year. Cable when deed is deposited.

"[Signed]    Bank of Seward."

Further telegraphic correspondence ensued between plaintiff and his Seattle correspondent, but no word of any kind was thereafter received from defendant.

L. V. Ray, of Seward, for plaintiff.
J. Lindley Green, of Seward, for defendant.

BROWN, District Judge. There is no description at all of any land contained in the first telegram sent by plaintiff to defendant, except the words "your lot."

In volume 3, Commentaries on the Law of Evidence in Civil Cases, by Burr W. Jones, page 129, it is said:

"A written memorandum for the sale of land need not specify the interest to be conveyed, the presumption being that it is a fee simple. On the other hand, if the description is not certain, either in the memorandum or in the references which it may contain, the statute is not complied with, and the contract is not enforceable."

In the case of Taylor v. Allen, 40 Minn. 433, 42 N. W. 292, a case identical with the one at bar, the court says:

"Action to compel specific performance of a contract for the sale of land. The only question is whether there was a sufficient written memorandum of the contract to satisfy the requirements of the statute of frauds. The only writings were in the form of correspondence between defendant and one Terry, the agent of plaintiff. Assuming that these letters were in other particulars a sufficient memorandum, they are manifestly insufficient, for the reason that they contain no description of the land which was the subject-matter of the contract. The only description found anywhere in the correspondence is in a letter from Terry to defendant, in which it is simply called 'your land,' but what land, or where situated, nowhere appears. On the trial plaintiff attempted to supply the description by asking Terry what land he referred to in his letter, and what land he and defendant had talked about in prior conversations which led up to this correspondence. But this was clearly incompetent. Evidence of extrinsic facts and circumstances are admissible to apply or identify a description contained in the memorandum, but the attempt here was

to supplement a manifestly incomplete memorandum by proving the description by parol. Oral evidence can no more supply defects in the written memorandum than it can supply the entire want of one. The writing must be complete in itself by containing all the essential elements of the contract, including a description of its subject-matter. The plaintiff suggests that the written memorandum in this case is aided or supplemented by certain admissions in the answer. But these will not help matters. It is now the settled law that the defendant can have the benefit of the statute, even if he admits an oral agreement. He may admit a verbal agreement, and yet assert its invalidity. Browne, St. Frauds, § 509; 2 Reed, St. Frauds, § 527; Machine Co. v. Schnell, 20 Minn. 40–47 (Gil. 33)."

See, also, the case of Allen v. Kitchen, 16 Idaho, 133, 100 Pac. 1052, L. R. A. 1917A, 563, 18 Ann. Cas. 914.

From the foregoing it appears that the plaintiff is not entitled to prevail in this action by reason of the lack of description in the correspondence claimed to constitute the contract.

In addition to this the contract is not sufficiently definite and certain to be enforceable, in that it does not appear from the said correspondence that the parties' minds had met, or that they had fully agreed upon the terms of the contract, to wit: As to the deferred payment; whether it drew interest; if so, at what rate; whether a mortgage was to be given; if so, its terms and conditions. The court cannot make a contract for the parties, but may in a proper case enforce one which they have completely and definitely agreed upon themselves.

"The jurisdiction of equity in specific performance, it is said, proceeds on the supposition that the parties have not only agreed, as between themselves, upon every material matter, but that the matters so agreed upon are of such a nature, and the subjects of enforcement so delineated or indicated, either directly or by reference to something else, or so raised to view by legitimate implication, that the court may collect and place in their proper relations all the essential elements, and proceed intelligently and practically in carrying into execution the very things agreed upon and standing to be performed. In order, therefore, to induce a court of equity to enforce a contract specifically, it must have been entered into without misapprehension, misrepresentation, or oppression, and by parties competent to contract. It must be founded on a good consideration, and its terms must be certain and well-defined." Warvelle on Vendors, vol. 2, pp. 740, 741.

"The contract must be complete in all its parts; that is to say, it must contain all the material terms, and none of these terms must be left to be settled by future negotiation. It must also be certain; that is to say, each of the material terms must be expressed with suffi-

cient clearness and definiteness to enable the court to ascertain the intent of the parties and to frame its decree in accordance with such intent. The court cannot make a contract for the parties.  *  *  *" 36 Cyc. 587.

The plaintiff's complaint will therefore be dismissed on the merits.