# JOHN C. DOYLE AND ANOTHER v. EVELYN C. WOHLRABE.[1]

October 29, 1954.

No. 36,307.

---

[1]Reported in 66 N. W. (2d) 757.

*Leonard E. Oslund* and *Herbert W. Estrem,* for appellant.
*Harroun, Anderson & Posely,* for respondents.

MATSON, JUSTICE.

Defendant appeals from an order denying her motion for a new trial.

We are primarily concerned with the question whether the statute of frauds bars specific performance of a contract to sell land due to the inadequacy of the legal description when the description contained in the written memorandum agreement, although insufficient in itself to identify the land, coincides with a description appearing on a sketch prepared by the seller stating the dimensions of the land and locating it geographically as abutting upon two intersecting public streets in a specified section and township of Hennepin county; such sketch having been exhibited to the purchasers by the seller at the time of sale and having then been used by the parties as an aid in identifying the landmarks, the actual physical boundaries of the property, and its location with respect to said streets. We are also concerned with the admissibility of parol evidence bearing upon the application of the description to the intended property.

The written contract, which admittedly was sufficiently definite for specific performance in all other respects, contained the following description:

"* * * lots A & B—Registered Land Survey of Sec. 19, T. 28, R. 24, at W. 60 St. and Normandale Rd."

In October 1951 plaintiffs and the defendant entered into negotiations for the sale and purchase of the two purported lots which constituted a part of a larger tract owned by the defendant. Before executing the written agreement, the defendant exhibited to the

plaintiffs a sketch or diagram (drawn on a large cardboard) of several lots arranged alphabetically and showing their respective dimensions in feet. The sketch purported to be according to a Registered Land Survey of the entire tract of land owned by the defendant. The lots here involved were designated thereon as "A" and "B," and the defendant pointed out on the diagram the areas covered by each of said lots. In addition, she took the plaintiffs on the land itself and showed them the actual boundaries and landmarks of the lots as they appeared on said sketch.

Subsequently the defendant prepared the memorandum agreement which the parties executed. The plaintiffs gave defendant a check for the down payment specified in the agreement. Approximately 12 days later, the defendant returned the down payment to the plaintiffs and notified them that she refused to convey the property and that she rescinded the contract. The plaintiffs thereafter brought this action for specific performance.

Defendant contends that, without the aid of parol evidence or a further agreement of the parties, the description is wholly inadequate to identify the property and that specific performance must be denied under M. S. A. 513.05. The evidence is undisputed that there had never been a Registered Land Survey of section 19, township 28, range 24, Hennepin county, Minnesota, on file in the office of the Register of Deeds or with the Registrar of Title for said county. Although the sketch exhibited to plaintiffs was not produced in court, it is also undisputed that it did exist and contained the identical description used in the memorandum agreement. Over the specific objection of the defendant that the entire agreement of the parties was merged in the written contract and further that parol evidence was inadmissible to establish the boundary lines of the lots, the trial court permitted the plaintiffs to introduce into evidence, with the aid of photographs, oral testimony describing the boundaries of the property as they appeared on the sketch and as pointed out by the defendant on the land.

The trial court granted plaintiffs specific performance and ordered the defendant to execute and deliver to them a warranty deed to the

premises. Defendant appeals from an order denying her blended motion for amended findings or in the alternative for a new trial.

■ Section 513.05, insofar as here pertinent, provides:

"Every contract for * * * the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party by whom the * * * sale is to be made, * * *."

In order to satisfy this section of the statute of frauds, a written memorandum of a contract for the sale of land must contain a description of the land which the contract purports to convey.[2] In passing upon the particularity with which the property must be described, it is to be borne in mind that a written contract for the conveyance of land, to satisfy the statute of frauds, need only provide that degree of certainty which is reasonably necessary to identify the parties, the land to be conveyed, and the terms and conditions of the promises made by the respective parties to each other.[3] When we recall the historical fact that the statute of frauds was originally enacted simply to prevent the frauds to which transfers of land by parol and livery of seizin lent themselves, we will readily recognize that its basic purpose is only to provide reasonable safeguards to insure honest dealing and that it was not enacted to make a fetish of literal statutory compliance or a fetish of requiring a perfect written contract. That adherence to the strict letter of the statute or perfection in the drafting of the written conveyance are not ends in themselves is illustrated by the equitable doctrine that the statute may not be used as an instrument of fraud and that part performance may, in some instances, place the transaction wholly outside the statute.[4]

---

[2]See, The Gregory Co. v. Shapiro, 125 Minn. 81, 145 N. W. 791; Swallow v. Strong, 83 Minn. 87, 85 N. W. 942; Taylor v. Allen, 40 Minn. 433, 42 N. W. 292; Quinn v. Champagne, 38 Minn. 322, 37 N. W. 451; Tice v. Freeman, 30 Minn. 389, 15 N. W. 674; Restatement, Contracts, § 207; 2 Corbin, Contracts, § 505; Annotation, 23 A. L. R. (2d) 6; 49 Am. Jur., Statute of Frauds, § 347; 37 C. J. S., Frauds, Statute of, § 184.

[3]See, Restatement, Contracts, § 207.

[4]See, Schafer v. Faylor, 74 Ohio App. 533, 60 N. E. (2d) 339.

■ Although even a seller who frankly admits the existence of an oral contract to convey is entitled to assert the invalidity of such contract under the statute of frauds,[5] this court, in passing upon the adequacy of a legal description in an individual case, will not apply the statute in a rigid manner whereby it becomes a technical shield behind which nonperformance may be justified when the description contained in the executed memorandum, by itself or as amplified by other instruments or papers with which the memorandum is expressly or impliedly connected,[6] provides an adequate guide to locate and identify the property *in the light of the surrounding circumstances and in the light of facts of which a court can take judicial notice.*[7] An executed memorandum may be impliedly related to other documents by an internal similarity or identity of provisions. In fact an agreement for the sale of land, to satisfy the statute of frauds, need not be made as a memorandum contract but may consist wholly of letters if they are internally connected by reference, express or implied, so as to show on their face that they all relate to the same subject matter but such relationship may not be shown by parol.[8]

■ It follows that the trial court in passing upon the adequacy of the description properly took into consideration all data shown on the sketch prepared by the defendant and exhibited by her to the plaintiffs at the time of sale, since the written memorandum was impliedly connected to such sketch by the reasonable inference to be drawn from the fact that both instruments used identical descriptions. It is immaterial that such sketch had not been duly certified or recorded as a plat,[9] and that in fact it was so defective that it

[5]Taylor v. Allen, 40 Minn. 433, 42 N. W. 292.

[6]Swallow v. Strong, 83 Minn. 87, 85 N. W. 942; The Gregory Co. v. Shapiro, 125 Minn. 81, 145 N. W. 791; see, 49 Am. Jur., Statute of Frauds, § 395; Restatement, Contracts, § 208; 2 Corbin, Contracts, § 505.

[7]Quinn v. Champagne, 38 Minn. 322, 37 N. W. 451.

[8]Swallow v. Strong, *supra;* see, 49 Am. Jur., Statute of Frauds, §§ 348, 349, 392 to 395; Restatement, Contracts, § 209.

[9]Ames v. Lowry, 30 Minn. 283, 15 N. W. 247; 2 Dunnell, Dig. (3 ed.) § 1059; 49 Am. Jur., Specific Performance, § 115.

could not be properly filed for record as a plat,[10] as long as the description, as amplified by the data on the sketch, provided a reasonably adequate guide to the location and identity of the property.

It is likewise immaterial that the memorandum contract referred to a land survey which did not appear on any recorded plat, and was in fact nonexistent, since the description used made it possible to identify the property. The plaintiffs were shown the location and dimensions of the so-called lots A and B on the sketch in defendant's possession and with the aid of that sketch they were also shown the location, landmarks, and area on the ground. The tract constituting the so-called lots A and B may readily again be located by the same evidence. Schwartz v. Syver, 264 Wis. 526, 59 N. W. (2d) 489. In Pettyjohn v. Bowler, 219 Minn. 55, 17 N. W. (2d) 82, we held that a description in a contract to convey land was sufficiently definite to justify reformation and to grant specific performance although the description referred to a plat which had never been prepared or filed.

The sketch was not produced in court. Secondary or parol evidence to establish the data found upon the sketch was properly received since no objection was made on the ground that the parol testimony was not the best evidence.

■ Defendant asserts, however, that the trial court erred in permitting, with the aid of photographs, oral testimony describing the boundaries of the property as shown by the sketch and as pointed out by the defendant on the land itself. We find no error. Defendant apparently overlooks the distinction which always must be clearly drawn between the admission of oral extrinsic evidence for the purpose of identifying the land described in the writing and applying the description therein contained, *and evidence offered to supply or add to a description which is insufficient and void on its face.* Although extrinsic evidence is inadmissible to supply a description or to add to a description which is inadequate, it is admissible to

---

[10]Borer v. Lange, 44 Minn. 281, 46 N. W. 358; Sanborn v. Mueller, 38 Minn. 27, 35 N. W. 666; Reed v. Lammel, 28 Minn. 306, 9 N. W. 858; 2 Dunnell, Dig. (3 ed.) § 1059.

apply the description to the property.[11] Aside from parol evidence which is inadmissible to aid a defective description, this court has consistently held that parol evidence is, and must of necessity always be, admissible to ascertain how and to what property the particulars of a description apply.[12] We have therefore held that parol evidence, showing the fact of delivery and the receipt of the several writings, including time, place, situation of property and parties, *and other circumstances*, may be received to aid in interpreting (but not to modify or to add to) the provisions of the contract.[13] Even the most specific and precise description may require some parol proof to complete the identification of the property intended. In applying the statute of frauds to an employment contract, Mr. Justice Cardozo in Marks v. Cowdin, 226 N. Y. 138, 143, 123 N. E. 139, 141, appropriately said:

"* * * It makes no difference whether the place is land to be occupied or a relation of employment to be filled. Whether it is the one or the other, we do not violate the statute when we fit the description to the facts. In thus identifying the position we are not importing into the contract a new element of promise. We are turning signs and symbols into their equivalent realities. This must always be done to some extent, no matter how many are the identifying tokens. 'In every case, the words must be translated into things and facts by parol evidence' (HOLMES, J. * * *). How far the process may be extended is a question of degree * * *. We exclude the writing that refers us to spoken words of promise. We admit the one that bids us ascertain a place or a relation by comparison of the description with some 'manifest, external, and continuing fact' * * *. The statute must not be pressed to the extreme of a literal and rigid logic. Some compromise is inevitable if words are to fulfill their function as symbols of things and of ideas. How many identifying

---

[11]See, 49 Am. Jur., Specific Performance, § 115, and *Id.* Statute of Frauds, § 349.

[12]Ames v. Lowry, 30 Minn. 283, 15 N. W. 247.

[13]Tice v. Freeman, 30 Minn. 389, 15 N. W. 674; The Gregory Co. v. Shapiro, 125 Minn. 81, 145 N. W. 791.

tokens we are to exact, the reason and common sense of the situation must tell us. 'What, then, is a sufficient description in writing? No one can say beforehand' * * *. 'You cannot have a description in writing that will shut out all controversy, even with the help of a map' (Ibid). 'In every case it must be considered what is a sufficient description with reference to the surrounding circumstances and the facts' * * *. Some description there must be. Its adequacy depends upon the degree of certainty attained when the words are applied to things."

The trial court did not err in granting specific performance. The order of the trial court is affirmed.

Affirmed.

