## MIRACLE CONSTRUCTION COMPANY
## v. ERNEST T. MILLER AND ANOTHER.

87 N. W. (2d) 665.

January 24, 1958—No. 37,112.

*Gordon J. Berg,* for appellants.
*Faegre & Benson* and *G. Alan Cunningham,* for respondent.

MATSON, JUSTICE.

Appeal from an order denying defendants' motion for a new trial and from a subsequent judgment decreeing specific performance of a contract to convey land.

We are here primarily concerned with the sufficiency, under the statute of frauds (M. S. A. 513.05), of a description in a contract for the sale of land and with the admissibility of parol evidence in the application of such description to the property. A further issue arises as to the waiver of conditions precedent in the contract.

Defendants, husband and wife, are owners of slightly less than 40 acres of land in what was formerly the township of Brooklyn Park, adjacent to Osseo, Minnesota. In February 1954, defendants listed the property for sale with L. W. Reinking, a real estate agent through whom they had purchased the property for $11,000 several years before. Reinking, who thereafter acted as defendants' agent to sell the property, showed the property to Maurice Merickel, Sr., and his son, M. J. (Pat) Merickel, who represented plaintiff, Miracle Construction Company. Maurice Merickel is the owner and sole stockholder of the plaintiff corporation, Miracle Construction Company, which is engaged in the business of buying and developing land suitable for housing development.

Defendants' house and several outbuildings are located on their land. The Merickels expressed interest in purchasing the property but indicated that they did not want these buildings because plaintiff corpo-

ration sought favorable action by the Federal Housing Administration in making loans and these buildings did not comply with F. H. A. requirements. Plaintiff's representatives further indicated that, in order to meet F. H. A. requirements, it was necessary for the property to be annexed to the village of Osseo so that water could be obtained for the houses to be built by plaintiff. Reinking talked to defendants and after the defendants had decided what land about their house and outbuildings they wished to except from the sale, Reinking went to the premises with the Merickels and pointed out an area of approximately 3½ to 4 acres which the defendants were to retain. The area excepted was agreeable to plaintiff's representatives.

On March 8, 1954, the parties signed an earnest money contract for the sale of defendants' entire tract of land less the expected area, and plaintiff made a downpayment of $500 on the $14,000 purchase price. The contract, which was prepared by or for defendants' agent, Reinking, contained the correct legal description of the entire tract and provided for its sale subject, however, to the following exception and conditions:

"(Excepting house, outbuildings and approx. 3½ acres surrounding same)

\* \* \* \* \*

"It is specifically understood and agreed this Earnest Money Contract shall be null and void and said Earnest Money shall be returned forthwith unless the following conditions are complied with on or before

"1. The Village of Osseo shall annex said property into said Village.

"2. The Village of Osseo shall agree to extend its water mains into the above described property in accordance with Federal Housing Administration direction."

Shortly after the earnest money contract was signed, plaintiff employed a surveyor who staked out the excepted area. Thereafter, several plats of the land were made by the surveyor, all clearly indicating the excepted area.

On April 6, 1954, the township of Brooklyn Park, within which

defendants' land was located, incorporated as the village of Brooklyn Park. The property has been in the village of Brooklyn Park since that time.

In June or July 1954, defendant Ernest Miller told the Merickels that he did not wish to go through with the contract; that he had been offered $28,000 by another party for all of the property *including the excepted area and the buildings on it*. Miller sought to have plaintiff purchase the excepted area and the buildings on it but was informed that plaintiff insisted on performance of the earnest money contract. Plaintiff's representatives attempted to induce performance of the contract by defendants for several months and, in December 1954, they tendered approximately $6,900 in cash to defendants, which represented the payment which would then be due upon closing the earnest money contract. Defendants refused the tender and declared that they did not wish to sell the property unless it was sold in its entirety. Plaintiff thereupon commenced this action for specific performance, which upon trial resulted in a judgment against the defendants decreeing specific performance of the contract. Appeal is taken from that judgment and from an order denying defendants' motion for a new trial.

■■■■ The description of land which a written sales contract purports to convey satisfies the statute of frauds (§ 513.05) if, *in the light of the circumstances and conditions surrounding the parties with respect to the land during the negotiations* (as established by parol evidence or by a permissible taking of judicial notice), *such description provides, when applied to the physical features of the surrounding terrain, a reasonably certain guide or means for identifying such land to the exclusion of all other lands.*[1] Since even the most specific and precise description may require some parol proof to complete the identification of the property,[2] the test is—does the writing furnish a reasonably certain means of identification?[3] Clearly, a description of land

---

[1]Doyle v. Wohlrabe, 243 Minn. 107, 66 N. W. (2d) 757, and cases therein cited.

[2]See, Mead v. Parker, 115 Mass. 413, 415, 15 Am. R. 110, 111; Doyle v. Wohlrabe, 243 Minn. 107, 113, 66 N. W. (2d) 757, 762.

[3]Doyle v. Wohlrabe, *supra;* Colstad v. Levine, 243 Minn. 279, 67 N. W.

may be adequate to satisfy the statute of frauds even though it is not so certain as to render unnecessary the resort to extrinsic evidence to apply it to the land. If, with the aid of extrinsic evidence, the description can be applied to the property so as to identify and distinguish the intended area from all other lands, it is adequate.[4] Although parol evidence is inadmissible to aid a defective description by supplying an essential part which is missing, it is admissible to interpret or translate the description's word symbols as the parties must have used and understood them in the light of circumstances and conditions which surrounded their negotiations.

■   Prior to the signing of the earnest money contract herein, defendants' agent, Reinking, after ascertaining from defendants the area they wished to keep, clearly pointed out to plaintiff's representatives the boundaries of the area to be reserved. Reinking indicated that the east boundary followed an existing barbed-wire fence and certain posts; that the southern boundary would be County Road No. 104; and that the western boundary would be the entrance road entering the property from County Road No. 104. The north line, it was indicated, was to run behind the barn and garage in a direction perpendicular to the east and west lines. The designated boundaries were agreeable to the plaintiff. Four days after the contract was signed, plaintiff's surveyors staked out the excepted area in the presence of defendant Ernest Miller. Upon cross-examination, defendant Miller in effect said: "It's right that I pointed out the area I wanted and they were measuring that area out for me." Pursuant to the surveying work, plats were prepared which showed the boundaries between the area sold and the area reserved. The evidence is convincing that these plats were shown to defendant Miller and that he made no objection to the boundaries, but only to the platting of the reserved area and the lo-

---

(2d) 648; Scott v. Marquette Nat. Bank, 173 Minn. 225, 217 N. W. 136; Swallow v. Strong, 83 Minn. 87, 85 N. W. 942; Nippolt v. Kammon, 39 Minn. 372, 40 N. W. 266; Ham v. Johnson, 51 Minn. 105, 52 N. W. 1080; Tice v. Freeman, 30 Minn. 389, 15 N. W. 674; Paynesville Land Co. v. Grabow, 160 Minn. 414, 422, 200 N. W. 481, 485.

[4]See, Colstad v. Levine, 243 Minn. 279, 283, 67 N. W. (2d) 648, 652; 49 Am. Jur., Statute of Frauds, § 349.

cation of a proposed road. Although the parties did not come to an understanding as to the location of the boundaries by metes and bounds, they knew where the boundaries were geographically located. It is immaterial that the area was not delimited by metes and bounds as long as the parties knew the physical location of the boundaries, as indicated by their conduct of the negotiations prior to the signing of the contract and as corroborated by their subsequent conduct in establishing, or in acquiescing in the designation of, such boundaries on plats prepared pursuant to a survey. In the light of this extrinsic evidence the trial court properly found that the description of the reserved area afforded a reasonable means of identifying such property to the exclusion of all other property. The description is, therefore, sufficient to satisfy the statute of frauds and to permit specific performance.

■ Defendants assert, nevertheless, that the trial court erred in admitting oral testimony to describe the boundaries of the excepted area as they appeared on the surveyor's plats, as staked out, and as pointed out by defendants' agent to plaintiff's representatives. Again we must emphasize that, although parol extrinsic evidence is inadmissible to supply, modify, or aid a description which is void on its face, it is admissible to identify the land and to apply the description thereto.[5] The court did not err in admitting oral evidence of the conduct of the parties, and of the acts performed in reliance upon, and as indicative of, their prior understanding, and of all the other circumstances and conditions surrounding their negotiations since such evidence was not employed to modify the written description but merely to give its word symbols meaning as related to the area excepted from the sale.

We have not overlooked that the east and west boundaries of the excepted area, as used by the trial court in its decree of specific performance, are slightly different from those pointed out to plaintiff's representatives by Reinking and that thereby the excepted area in the decree is slightly enlarged. These were the boundaries Miller himself approved when the land was staked. These were the boundaries that appeared on the surveyor's plats and they were properly adopted by the trial court.

---

[5]Colstad v. Levine, 243 Minn. 279, 67 N. W. (2d) 648.

■ We have the further contention that, because the earnest money contract provided that it should be null and void unless the village of Osseo annexed the property and agreed to extend its water mains into the property in accordance with F. H. A. direction, and because these conditions were not fulfilled (the village of Osseo has not annexed the land because the land is now within the village of Brooklyn Park), the contract is null and void. While it is true that parties to a contract may provide for its annulment or cancellation by including provisions in the contract to accomplish these purposes, and by so doing they may limit and determine the rights and liability of each to the other in the event of failure of performance as stipulated,[6] it is elementary, and defendants so concede, that the parties may subsequently agree to waive these conditions.

Furthermore, a party may waive a condition precedent to his own performance of a contractual duty, when such condition precedent exists for his sole benefit and protection, and compel performance by the other party who has no interest in the performance or nonperformance of such condition.

"If the existence of a fact or the occurrence of an event is made a condition precedent to the duty of one of the parties, and for his benefit and protection only, the non-existence or non-occurrence of such condition does not prevent enforcement of the duty of the other party. Substantial performance by the plaintiff may nevertheless be a condition precedent to the duty of the defendant; but the plaintiff may perform this condition, even though his own duty to render this performance may have been discharged by reason of some unfulfilled condition. He can waive this condition of his own duty, perform it or tender such performance, and then enforce the contract against the defendant." 3 Corbin, Contracts, § 761.[7]

Upon adequate evidence, the trial court found that the condition relating to the annexation of the property by Osseo was inserted for the sole benefit of plaintiff and at its insistence, that plaintiff waived

[6]See, Raymond v. McKenzie, 220 Minn. 234, 19 N. W. (2d) 423.

[7]See, also, 12 Am. Jur., Contracts, § 354, and 17 C. J. S., Contracts, § 491.

the condition, *and that defendants also consented to waiving the condition*. Thus, whether the condition was unilateral or mutual, the trial court correctly found that it had been waived.

An additional assignment of error is predicated on the trial court's failure to make a specific finding as to the nature, and as to any waiver, of the second condition that Osseo agree to extend its water mains into the land in accordance with F. H. A. direction. It is contended that, since the court failed to find expressly that the second condition was either inserted solely for plaintiff's benefit, or that the parties mutually or singly waived it, it follows that the condition remains in effect and the contract is void. It is true that the trial court did not refer specifically to the second condition in its findings. The undisputed evidence, however, indicates that the fulfillment of the first condition relating to the annexation was deemed necessary to the fulfillment of the second relating to the extension of water mains to the property. The conditions were inextricably related and were dealt with as a single subject throughout the trial and we can only conclude that the trial court's findings as to waiver reasonably referred to, and were dispositive of, both conditions.

Defendants insist, however, that since the contract expressly provided that it shall be null and void if the conditions were not fulfilled, the writing was so clear and free from ambiguity that the trial court erred in considering the conversation of the parties at the time the contract was made to determine whether the conditions were inserted for the sole benefit of the plaintiff and could, therefore, be waived by him. Although we need not pass expressly on this issue since the trial court's finding of mutual waiver is sustained by the evidence, we observe there was no error.[8]

The order and judgment of the trial court are affirmed.

Affirmed.

---

[8] The fallacy of defendants' position, as related to null and void provisions of a contract, is pointed out in 3 Corbin, Contracts, §§ 579, 761.