John J. MALEVICH, et al., Appellants,

v.

Eugene HAKOLA, et al., Respondents,

Fred Barrett, Defendant,

Richard Moyer, et al., Respondents.

No. 48987.

Supreme Court of Minnesota.

April 13, 1979.

Greenberg, Bloomquist & Colosimo and John M. Colosimo, Virginia, for appellants.

Bischoff, Sellman & Wojciak and Bernard J. Bischoff, Hibbing, for Hakola, et al.

Abate & Wivoda and David E. Ackerson, Hibbing, for Moyer, et al.

ROGOSHESKE, Justice.

■ This is an appeal from the judgment entered pursuant to an order of the St. Louis County District Court granting summary judgment in favor of defendants Eugene and Mae Hakola in an action for specific performance or damages for breach of a contract to convey real estate, and in favor of defendants Richard Moyer and Donald Mersch on a claim of tortious interference with a contractual relationship. The issues on appeal are: (1) whether a written option to purchase land which omits a description of the real estate fulfills the requirements of the statute of frauds, Minn.St. 513.05; and (2) whether the pleadings and affidavits raise an issue of material fact as to the existence of a contract to convey land essential to a claim of interference with contractual relations. We conclude that, since the option relied upon as a memorandum of a contract for the sale of land totally lacks identification of the real estate, such description cannot be supplied by parol and the contract is unenforceable under the statute of frauds. We also conclude that there was no meeting of the minds with respect to the formation of a written or oral contract. We, therefore, affirm.

On April 27, 1977, plaintiffs Carey and Malevich entered a 60-day option contract to purchase part of a larger tract of lakeshore property owned by defendants Hakolas for a price of $55,000. The contract, drafted by Carey and Fred Barrett, real estate agent for the Hakolas, omitted a description of the real estate. The terms and conditions to be "finalized" within the 60-day period were cash on delivery of a warranty deed or agreement to a contract for deed. Barrett gave plaintiffs a general survey map of the entire tract with the subject part outlined and a sketch purporting to be a portion of the outlined area.

On June 24, 1977, within the option period, Carey sent a letter to Barrett stating that he and Malevich exercised the option. On that same date Carey met with Hakolas and suggested that they convey part of the property by warranty deed for cash and accept a contract for deed for the remainder. The parties subsequently met and engaged in various negotiations concerning the terms and conditions of the contract for deed until August 15 or 16, 1977. During that time, Carey received several calls from defendant Mersch regarding the possibility of purchasing some of the land once the transaction was completed. On August 17, 1977, Mersch and Moyer agreed with Hakolas to purchase the same property plaintiffs sought to purchase for the same price.

■ An option contract, generally outside the statute of frauds because it conveys no interest in land, is subject to Minn.St. 513.05 [1] when relied upon as a memorandum of a contract for the sale of real estate. See, *Shaughnessy v. Eidsmo*, 222 Minn. 141,

---

1. Minn.St. 513.05 provides: "Every contract for the leasing for a longer period than one year or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party by whom the lease or sale is to be made, or by his lawful agent thereunto authorized in writing; and no such contract, when made by an agent, shall be entitled to record unless the authority of such agent be also recorded."

23 N.W.2d 362, 166 A.L.R. 435 (1946). The statute expressly requires that the writing state the consideration and be subscribed by the vendor. In addition, we have required that it state expressly or by necessary implication the parties to the contract, the lands involved, and the general terms and conditions of the sale. *Greer v. Kooiker*, Minn., 253 N.W.2d 133 (1977). Parol evidence is admissible to explain (but not to contradict or supply) a term of the memorandum. *Taylor v. Allen*, 40 Minn. 433, 42 N.W. 292 (1889). The purpose of these requirements is to reasonably safeguard honest dealing. *Doyle v. Wohlrabe*, 243 Minn. 107, 66 N.W.2d 757 (1954).

■ In light of these principles, we conclude that the present memorandum is insufficient. First, the option contract contains no notation permitting reasonably certain identification of the real estate. *Miracle Construction Co. v. Miller*, 251 Minn. 320, 87 N.W.2d 665 (1958). The maps provided to plaintiffs were neither incorporated into the contract nor attached thereto. See, *Radke v. Brenon*, 271 Minn. 35, 134 N.W.2d 887 (1965). While admissible as extrinsic evidence explaining an unclear description, they cannot be used to supply a missing term. *Taylor v. Allen, supra*. Second, the heading "McQuade Lake Project" on Carey's notice of exercise of the option cannot remedy the defect. We read the requirement that the vendor sign a contract for the sale of land as meaning that his signature must appear on the writing or writings containing the essential elements of the agreement. To permit a vendee to supply the description of the real estate in his acceptance would create opportunity for fraud, especially when the vendor intends to sell only part of a larger tract. We hold the contract void.

■■ An existing written or oral contract is an essential element of an action for wrongful interference with a contractual relationship. *Snowden v. Sorensen*, 246 Minn. 526, 75 N.W.2d 795 (1956). Noncompliance with the statute of frauds requiring a written contract does not relieve the interfering party of liability. *Royal Realty Co. v. Levin*, 244 Minn. 288, 69 N.W.2d 667 (1955). Plaintiffs contend that there are genuine issues of material fact as to whether the option and exercise thereof constituted a written contract, albeit an unenforceable one, and as to whether an oral contract was formed. We reject both contentions for similar reasons.

■ When the parties know that an essential term of their intended transaction has not yet been agreed upon, there is no contract. *Wells Construction Co. v. Goder Incinerator Co.*, 173 Minn. 200, 217 N.W. 112 (1927); 1 Corbin, Contracts, § 29. The option contract provided in part that the terms and conditions were to be "acceptance and agreement of contract for deed." [2] Since that provision leaves to future agreement many essential terms of the sale, including downpayment, installments, interest, and time of conveyance, no written contract was formed. *Hubbell v. Ward*, 40 Wash.2d 779, 246 P.2d 468 (1952). Furthermore, a review of the competent evidence concerning the conduct and dealings of the parties subsequent to entry into the option contract, including Carey's affidavit, indicates that as of the final meeting between the parties negotiations were still in progress and no meeting of the minds had been reached. We also note that it is undisputed that Hakolas intended to remain unbound until a formal contract for deed was executed and that for that additional reason no contract was formed. See, *Massee v. Gibbs*, 169 Minn. 100, 210 N.W. 872 (1926). We hold that there are no genuine issues of material fact as to whether a contract, written or oral, existed between plaintiffs and Hakolas and that, absent such contract, defendants Moyer and Mersch are entitled to judgment as a matter of law.

Affirmed.

---

2. The contract alternatively provided for a cash sale. It is clear from the record that plaintiffs did not intend to perform by that method and that they raise no fact issues with respect thereto.