**David P. PATTERSON, Respondent,**

v.

**Horace W. STOVER, et al., Appellants.**

**No. C5–86–1271.**

Court of Appeals of Minnesota.

Feb. 10, 1987.

Timothy D. Fuller, Morris, Harvey, Sheehan & Fuller, Minneapolis, for respondent.

Michael A. Ronchetti, Friedman & Nord, Duluth, for appellants.

Considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Following a trial without jury, the trial court found that appellants Stover, et al. had failed to convey property under a purchase agreement and that respondent Patterson had suffered damages in the amount of $40,000. Appellants argue that the trial court erred in finding there was an enforceable contract between the parties and in finding that appellants' actions caused the delay in closing. We affirm.

## FACTS

Respondent, a commercial real estate agent, entered into a purchase agreement with appellants to purchase a mobile home park and adjacent parcel of undeveloped land. The agreement was signed on October 4, 1979, and provided that closing would occur on December 20, 1979. The closing did not take place as planned. Eventually appellants refused to go forward with the sale and respondent brought suit for specific performance or damages.

The purchase agreement contained a clause that provided:

> Payments shall be made by the buyer as designated above, or as negotiated with each lienholder, until the terms of each mortgage or contract for deed are completed. This offer is contingent upon the buyer negotiating with the holders of the various liens, and obtaining suitable written agreement with each concerning balances, terms and conditions, such that the purchasor [sic] has security in the transaction.

Respondent testified that he inserted this clause for his own benefit and that appellants never requested the clause. Appellants' attorney, retained after the purchase agreement had been signed, testified that he understood the clause was inserted because respondent hoped to renegotiate the interest rates of the mortgages. Appellants' attorney also stated that he understood that if respondent was unable to fulfill this contingency he was still free to pursue the sale if he chose to do so. Appellant Stover testified that he asked to have the lienholder approval clause put in because he wanted all the lienholders to be contacted and agreeable to the sale even though none of the financial agreements he held with these holders required such notice or approval.

Respondent acknowledged that he never obtained written agreements from the lienholders. However, he did contact each lienholder and discuss the sale. Respondent testified that he would have been able to close on December 20.

Under the purchase agreement, appellants had to meet several obligations before closing. These included installing water meters at each trailer site, compiling a list of all the current deposits on the trailer home sites, the sum of which was to be deducted from the down payment, paying a delinquent water bill and delinquent taxes, and providing an updated abstract on the property. Testimony at trial indicated that the water meter installation was not completed on December 20, the abstract had not been updated, and the list of deposits had not been compiled. In addition there was testimony that appellants did not have the funds readily available to pay the delinquent water bill and taxes.

In mid-December respondent was contacted by an attorney appellants retained after entering into the purchase agreement. The attorney expressed concern about whether the earnest money check respondent had provided constituted adequate consideration for an enforceable purchase agreement, but said nothing about the consent of the lienholders. In January, appellants and their attorney told respondent that they were not willing to go forward with the sale. Appellants' attorney testified that he cautioned appellants that in order to effectively cancel the purchase agreement they were required to give notice under Minn.Stat. § 559.21 (1978), but that appellants chose to walk away from the agreement and see what happened.

During January and February respondent attempted to market his interest in the trailer park and eventually entered into a purchase agreement to sell the trailer park portion of the property for $280,000. Some time after this, appellants also entered into a purchase agreement with the same potential buyer, but they agreed to sell the trailer park for $240,000. Appellants' agreement with respondent had required sale of both the trailer park and the undeveloped land for $325,000, and appellants were to pay the real estate commission.

The trial court found that there was an enforceable contract between the parties, and awarded respondent $40,000, which amount represented the difference between the market value of the trailer park property and the price the potential buyer had agreed to pay for the property.

## ISSUES

1. Was the trial court's conclusion that there was an enforceable contract between the parties erroneous?

2. Was the trial court clearly erroneous when it found that the failure to close on time was due to the appellants' action or inaction?

## ANALYSIS

### I.

■ Appellants made no motion for a new trial or amended findings. Therefore, we limit our review to determining whether the evidence supports the findings of fact and whether the findings sustain the conclusions of law and the judgment. *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

The findings of a trial court sitting without a jury will not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Minn.R.Civ.P. 52.01; *Lindsay v. State Farm Fire & Casualty Co.*, 366 N.W.2d 409, 410 (Minn.Ct.App.1985). Where findings of fact are based on conflicting evidence, as in this case, the findings will be disturbed only if they are manifestly and palpably contrary to the evidence. *Gifford v. Vore*, 245 Minn. 432, 434, 72 N.W.2d 625, 627 (1955).

Appellants challenge the trial court's finding that the contingency in the purchase agreement existed solely for respondent's benefit and therefore the purchase agreement remained enforceable even though respondent did not meet the condition. The testimony on the intent of the contingency was conflicting. However, there is sufficient evidence in the record to support the trial court's finding that the contingency existed for respondent's benefit. The language of the contingency

makes no mention of the seller and is directed to the buyer's interests. Appellants made no mention of respondent's failure to meet the contingency before trial. Finally, the attorney who handled the attempted sale for appellants testified that he understood the contingency was for respondent's benefit.

Where a condition is found to exist solely for the benefit of one party, that party may waive the condition and "compel performance by the other party who has no interest in the performance or nonperformance of such condition." *Miracle Construction Co. v. Miller*, 251 Minn. 320, 326, 87 N.W.2d 665, 670 (1958). Ignoring a provision in a contract will constitute waiver if the party whom the provision favors continues to exercise his contract rights knowing that the condition is not met. *Appollo v. Reynolds*, 364 N.W.2d 422, 424 (Minn.Ct. App.1985). The facts here indicate that respondent continued to exercise his rights under the purchase agreement without having first obtained the written agreement of the lienholders. Under these circumstances the condition was effectively waived by respondent, and there continued to be an enforceable contract between the parties.

Appellants argue that even though they did not give the requisite notice under Minn.Stat. § 559.21, there was no enforceable contract because the purchase agreement terminated by its own terms when the contingency was not met. *See Romain v. Pebble Creek Partners*, 310 N.W.2d 118 (Minn.1981). Our determination that respondent effectively waived the contingency precludes this argument.

## II.

■ Appellants contend that the evidence does not support the trial court's finding that the failure to close was because of their actions. They argue that the failure to close was solely the fault of respondent and that this failure to close on time should terminate the purchase agreement.

Once again there is sufficient evidence in the record to support the trial court's find-

ings. Appellants' refusal to complete the sale in January precluded a closing. Further, as the trial court noted, as of December 20, 1979, the closing date, appellants would have had to pay off back taxes, water bills and other debts. These expenses substantially exceeded any sums appellants would have received for a down payment on the sale of the property.

## DECISION

The trial court did not err when it determined that there was an enforceable agreement between the parties and that the failure to close was due to appellants' actions.

Affirmed.