**Beulah OLSON, et al., Respondents,**

v.

**Todd RONHOVDE, Appellant.**

**No. C4-89-479.**

Court of Appeals of Minnesota.

Oct. 17, 1989.

Lyndon L. Kratochwill, Elbow Lake, for respondents.

Dewey M. Nelson, Alexandria, for appellant.

Heard, considered and decided by HUSPENI, P.J., and NORTON and LOMMEN,* JJ.

## OPINION

NORTON, Judge.

This is an appeal from the trial court's grant of summary judgment in an action for breach of contract. Appellant Todd Ronhovde and respondent Reuben Island entered into a three year lease for farmland owned by Island's mother-in-law, respondent Beulah Olson. Respondents brought suit for breach of contract when Ronhovde notified them that he would not continue to farm the land. The trial court ultimately granted summary judgment for respondents. Ronhovde claims that the trial court erred because the lease was invalid under the statute of frauds. We affirm.

## FACTS

Beulah Olson owns 160 acres of farmland in Grant County, Minnesota. Her son-in-law, Reuben Island, manages the farm.

On September 30, 1983, Island and Todd Ronhovde entered into a written lease for the farmland. Olson did not sign the lease. Although Island was verbally authorized to enter into the lease, he did not have written

authority. The lease was for three crop years expiring December 31, 1986, with an annual rental of $10,200 per crop year. Payments of $5100 were due April 1 and October 1 of each year.

Ronhovde farmed the land in 1984 and 1985 and made rental payments for those years. In February 1986, Ronhovde notified Island that he would not farm the land in 1986. Island informed Ronhovde that Ronhovde was in breach of contract and would be liable for any loss of revenue.

The farmland was subsequently leased for the 1986 crop season to a third party. The rental amount of the new lease was $3400 less than that of the lease between Ronhovde and Island.

Island and Olson brought suit for breach of contract seeking $3400 in damages. Ronhovde counterclaimed, alleging that respondents were unjustly enriched because he plowed the land, provided weed control and fertilizer and improved the drainage system.

Both parties filed motions for summary judgment. The trial court denied both motions. In its memorandum, the court indicated that respondents could base an action on theories of ratification and equitable estoppel. Respondents then filed a second motion for summary judgment. The court granted the motion and ordered judgment for respondents in the amount of $3400 plus costs and interest.

## ISSUES

1. Did the trial court err in granting summary judgment?

2. Did the trial court err by awarding money damages?

## ANALYSIS

On appeal from a summary judgment, the appellate court determines (1) whether any genuine issues of material fact exist and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. VI, § 2.

Ronhovde argues that the farm lease was unenforceable against him because it lacked Olson's signature and therefore violated the statute of frauds. We disagree. The statute of frauds provides that:

Every contract for the leasing for a longer period than one year or for the sale of any lands, or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party by whom the lease or sale is to be made, or by his lawful agent thereunto authorized in writing; and no such contract, when made by an agent, shall be entitled to record unless the authority of such agent be also recorded.

Minn.Stat. § 513.05 (1988).

The basic purpose of the statute of frauds

is only to provide reasonable safeguards to insure honest dealing * * * it was not enacted to make a fetish of literal statutory compliance * * *. [T]he statute [of frauds] may not be used as an instrument of fraud * * *.

*Doyle v. Wohlrabe,* 243 Minn. 107, 110, 66 N.W.2d 757, 761 (1954). Additionally,

[t]he statute expresses a public policy of preventing the enforcement by means of fraud and perjury of contracts that were never in fact made. * * * To the courts, then, is left promotion of the policy of the statute, either by denying enforcement urged by defrauders *or by granting enforcement against wrongful repudiators.*

*Radke v. Brenon,* 271 Minn. 35, 38, 134 N.W.2d 887, 890 (1965) (emphasis added). Finally, in construing the statute of frauds, "the basic end of the statute must be furthered." *Greer v. Kooiker,* 312 Minn. 499, 505, 253 N.W.2d 133, 138 (1977).

■ Ronhovde's attempt to use the statute of frauds to avoid a contract that he himself approved and signed is contrary to the basic end of the statute. The statute

properly applies to shield a party from liability by voiding a contract in a situation where a party who did not sign the agreement raises the statute as a defense. *See Bouten v. Richard Miller Homes, Inc.,* 321 N.W.2d 895 (Minn.1982) (defendant seller did not sign purchase agreement offer); *Malevich v. Hakola,* 278 N.W.2d 541 (Minn. 1979) (defendant vendors did not sign writings containing essential elements of agreement); *O'Brien Entertainment Agency, Inc. v. Wolfgramm,* 407 N.W.2d 463 (Minn. Ct.App.1987), *pet. for rev. denied* (Minn. Aug. 12, 1987) (performers did not sign personal services agreement). Here, however, Ronhovde asserts the statute of frauds, not as a shield, but as a sword in an attempt to avoid liability on a contract he signed. Because of the general policies articulated in *Doyle, Radke* and *Greer,* and given the context and method of appellant's attempt to invoke the statute, we are not convinced that the statute of frauds is clearly applicable in this context. Under this analysis, appellant would not be able to use it to avoid his liability in the instant lease agreement.[1]

■ Assuming, however, that the statute of frauds is applicable, the doctrines of equitable estoppel and ratification remove this claim from the statute. When application of the statute is used to protect, rather than prevent, a fraud, the doctrine of equitable estoppel is applied. *Nelson v. Smith,* 349 N.W.2d 849, 853 (Minn.Ct.App. 1984).

The elements of equitable estoppel are: 1. There must be conduct—acts, language or silence—amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel, at the time when such con-

---

1. In an arbitration context, this court has held that a party could not invoke the statute of frauds to the detriment of another where the arbitrator's award ordered the conveyance of

property to the injured party. *David Co. v. Jim W. Miller Construction, Inc.,* 428 N.W.2d 590, 594 (Minn.Ct.App.1988), *aff'd,* 444 N.W.2d 836 (Minn.1989).

duct was done, *and at the time when it was acted upon by him.* 4. The conduct must be done with the intention, or at least with the *expectation,* that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon. * * *. 5. The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. 6. He must in fact act upon it in such a manner as to change his position for the worse, in other words, he must so act that he would suffer a loss if he were compelled to surrender or forego or alter what he has done by reason of the first party being permitted to repudiate his conduct and to assert rights inconsistent with it.

*Lunning v. Land O'Lakes,* 303 N.W.2d 452, 457 (Minn.1980) (emphasis in original) (*quoting* 3 J. Pomeroy, A Treatise on Equity Jurisprudence § 805 (5th ed. 1941)).

We believe that equitable estoppel prevents application of the statute of frauds in the present case. Ronhovde did not raise any objection at the time the lease was entered. He farmed the land for two years, treating it as if he had a contractual right to the property. During those two years, Ronhovde made rental payments according to the terms of the lease. Ronhovde argues that he was a tenant at will on a year-to-year basis. There is no evidence, however, of any yearly rental negotiations between the parties. We believe that Ronhovde's conduct was misleading and "arguably akin to fraud." *See Berg v. Carlstrom,* 347 N.W.2d 809, 813 (Minn. 1984) *rearg. denied* (Minn. Feb. 25, 1985) (respondent's statements, including statement that he was a "man of his word" were arguably akin to fraud so that equitable estoppel applied).

Beulah Olson accepted Ronhovde's payments as rental under the lease. She relied on Ronhovde's conduct and made no effort to rent the property for the 1986 crop season. When Olson rented the property after Ronhovde gave notice, she was unable to obtain the same rental price, and was damaged in the amount of $3400. Ronhovde's conduct in this matter places the lease agreement outside the scope of the statute of frauds.

Additionally, the farm lease was removed from the statute of frauds by ratification.

> Ratification occurs when one, having full knowledge of all the material facts, confirms, approves, or sanctions, by affirmative act or acquiescence, the originally unauthorized act of another, thereby creating an agency relationship and binding the principal by the act of his agent as though that act had been done with prior authority.

*Anderson v. First National Bank of Pine City,* 303 Minn. 408, 410, 228 N.W.2d 257, 259 (1975) (citations omitted).

■ The authority of an agent to contract for the sale or lease of land must be in writing under the statute of frauds, but the contract subsequently may be ratified by the principal. *Matteson v. United States & Canada Land Co.,* 112 Minn. 190, 194, 127 N.W. 629, 630 (1910); *see also Lowe v. Patterson,* 265 Minn. 42, 120 N.W.2d 313 (1963) (no violation of statute of frauds where co-owner of apartment in partition action ratified stipulation executed by attorney).

■ Where the original authority of an agent to do an act must be in writing, a ratification of such an act done by an unauthorized agent must also be in writing. *Judd v. Arnold,* 31 Minn. 430, 18 N.W. 151 (1884).

■ Respondents' second motion for summary judgment was accompanied by an affidavit from Olson which stated that Island was authorized to sign the lease in her behalf and that she ratified the lease. Olson stated that she accepted rental payments from Ronhovde during 1984 and 1985 and made no effort to rent the land during the contract period "all in reliance upon and ratification of the written lease." Olson's written ratification of the lease effectively removed the lease from the statute of frauds.

Ronhovde contends that money damages are inappropriate in this case. Ronhovde relies on *Bouten,* 321 N.W.2d at 900. We

disagree. *Bouten* stated that the contract in question was within the ambit of the statute of frauds and because the contract was not signed, it could not form the basis of an action for money damages. *Id.,* 321 N.W.2d at 900. Ratification was not an issue in *Bouten.* Here, the contract was removed from the statute of frauds. Consequently, money damages are appropriate in respondents' breach of contract action.

## DECISION

The trial court properly granted summary judgment where no genuine issue of material fact exists and the trial court correctly determined that the statute of frauds did not bar respondents' claim for breach of contract. Because the lease agreement was removed from the statute of frauds, the trial court did not err in awarding money damages.

Affirmed.